Dipscomb, J.
There were many points made in the discussion by the counsel for the plaintiff in error; but in looking into the record, we believe that as there is no statement of facts nor bill of exceptions, only two points can be considered by us, the demurrer and the statute of limitations. The record shows that the last cannot be sustained, as it had not interposed a bar at the time this suit was instituted, as it could not commence running until the issue of the patents. We believe tlie statute of frauds set up by the demurrer is equally unavailable.
The doctrine of how far a part-performance of the conditions or partial payment would furnish grounds for the specific, execution of a parol contract and lake it out of the operation of tlie statute of frauds was elaborately discussed and tlie authorities oil the subject critically reviewed in the opinion delivered by the chief justice in the case of Garner v. Stubblefield, decided by the court at Galveston, January Term, 1S51. (5 Tex. R., 552.) It was decided that partial payment or even full payment, unless under very particular circumstances, of itself, would not avoid the statute. That case, however, did not go the length of ruling that part-performance, coupled with possession and the exercise of proprietorship, with tlie consent or knowledge of the vendor, did not create an equity that would overrule the statute. In that case a partial payment of tlie purchase-money, unattended with possession or any other circumstance. was relied on as constituting a sufficient ground for claiming a specific performance. This was held by us not to be sufficient to defeat the operation of the statute.
I apprehend that the true principle is, that if there has not been such a change of circumstances produced or growing out of the parol contract that it wo'uld be difficult to place the vendee in the same position that lie was in before making the contract, there would not be a sufficient equity raised to justify a decree for a conveyance of the title. If, however, the vendor, by a parol contract, should permit the vendee to go into the possession and bestow much labor and expense in improving the land, in the confidence that the vendor would make tlie title in conformity with his parol promise, such circumstances would raise an equity in favor of the vendee against his vendor, aside from and uncontrolled by the statute of frauds. It would be like the holder of the better title standing by and encouraging and advising the improving of his property by one who believed his title good, and not asserting his title and warning the innocent possessor of his superior right. In such case the *65 soundest principles of equity jurisprudence would forbid the enforcing tlio superior title. In the case under consideration the vendee, by and with the consent of the vendor, went into the possession of the land, built houses, and ■cultivated a large portion of the land as his own for years, without any objection on the part of ids vendor, in the full confidence that as soon as the patents could be obtained from the General Land Office a conveyance would be made to him. We believe that an equity is here raised, based upon these circumstances, aside from and independent of the statute, that calls for an affirmance of the decree ordering a conveyance of the land.
^ote2G. — Otfcenhouse v. Burleson, 11 T., 87; Reynolds v. Johnston, 13 T., 214; Noatherlyv. Ripley, 21T., 434; Taylor v. Rowland, 2G T., 293; Cox v. Bray, 28 T., 247; Howe v. Rogers, 32 T., 21S; Wood v. Jones, 35 T., 64; Curlin v. Hendricks, 35 T., 225; Johnson v. Bowden, 37 T,621; Robinson v. Davenport, 40 T., 333. Jf the vendor is unable to make tille the vendee is entitled to judgment for the value of his improvements, subject to a deduction for the rents and profits. (Reynolds v. Johnston, 13 T., 214; Taylor r. Rowland, 26 T., 293.) The terms of the contract must be clear and definite as to the locality and description of the land. (Taylor v. Ashley, 15 T., 50.) In Boze v. Davis, 14 T., 331, it was held that a voluntary agreement to convey land will not be specifically enforced, although the donee may have been actually put in possession by the donor and expended much labor and money in the erection of buildings and improving the land; but the donee can recover the value of the improvements. The specific performance of a bond for title to land which does not recite a valuable consideration, and where none is proven, will not be enforced. (Tomlinson v. York, 20 T., 694.) In Hendricks v. Snidiker, 30 T., 298, and in Curlin v. Hendricks, 35 T., 225, the case of Boze v. Davis is reviewed and the correctness of the decision questioned. In Murphy v. Stell, 43 T., 123, it is held that to sustain a parol gift of lands, followed by possession and large expenditure in improvements thereon by the grantees, it is necessary that the terms and conditions of such contract be clear and free from ambiguity, and that possession was taken and improvements made on the strength of it. Permission, occupation by the father and expectation of a gift by the son will not be sufficient to bring the case within the rule.
Judgment affirmed.