## OTTENHOUSE v. BURLESON'S ADM'RS.

Where the purchase money has been paid, and the vendee has taken possession and made valuable improvements, a specific performance will be decreed, although the sale may have been a verbal one, without any agreement or memorandum thereof in writing.

The jurisdiction given to the County Courts, (Hart. Dig. Art. 1162,) to decree a specific performance of the *written* contracts of a decedent, for the sale of land, appears to be concurrent with the jurisdiction of the District Courts, as far as it goes; but the District Courts will also decree a specific performance of the *verbal* contracts of a decedent, for the sale of land, where the facts take the case out of the statute of frauds; and it seems that the administrator is the proper party defendant, and that the heirs need not be joined.

Appeal from Hays. This suit was brought for the specific performance of a verbal contract for the sale of land. The plaintiff, in his petition and amendments, alleged, that, in 1848, he purchased by verbal contract, from Edward Burleson, fifty acres of land, (the land was described in the petition,) for one hundred dollars; that he paid the said consideration money, and was put into possession of the land by the said Burleson; and that he had put thereon valuable improvements of the value of five hundred dollars, and cultivated a part of the land, on the faith of the said contract; and that Burleson had, in his lifetime, promised to make title at a convenient time; that the said Burleson had died without making title, and the defendants were his legal representatives. He prayed for a specific performance, or for a judgment for the purchase money and the value of the improvements made. There was a demurrer to the petition, on which judgment was rendered in favor of the defendants, and plaintiff appealed.

The sustaining of the defendants' demurrer, by the Court below, was assigned in this Court, for error.

*W. E. Jones* and *Brewster & West*, for appellant.

LIPSCOMB, J.   The facts set out in the plaintiff's petition, if true, give him a clear equitable right to a specific performance, and present much such a case as that of Dugan's heirs v. Colville's heirs, 8 Tex. R. 126.   We have been at a loss to know upon what ground the Court below rested its opinion, in sustaining the demurrer.   It may have been, to the parties made defendants, or that others, the heirs, should have been parties; but then, an objection to parties ought to show who the parties should have been.   It is very clear, that, if the demurrer rested upon the fact of the contract of sale being verbal, and therefore contrary to the statute of frauds, the opinion was very wrong, as it will be seen that according to the decisions of this Court, in Dugan's heirs v. Colville's heirs, before cited, and the case of Burleson v. Burleson, at this Term of the Court, and also the doctrine laid down by this Court, in discussing the Statute of Frauds in Stubblefield v. Garner, equity in this case would overrule the statute. (See, also, Hunt's heirs v. Turner, 9 Tex. R.)   We believe that if the question had been properly presented in this case, there is a defect of parties; that the heirs, as well as the administrators, should have been made parties.   The petition prays in the alternative, for specific performance or for judgment for the purchase money paid and for the value of the improvements made under a possession given by the vendor in his lifetime.   The alternative presents a moneyed demand, in which it was necessary to make the administrators parties; but as the title to the land was vested in the heirs, incumbered with the payment of the debts, they ought to have been made parties, also, in the suit.   We have not been able to find any statutory provision authorizing proceedings against an administrator to procure title, arising on the equity of the case, on a contract void under the statute of frauds.   In Art. 1162, Hartley's Digest, provision is made for procuring title from an executor or administrator on a title bond, for land, or any other written agreement, but none for a mere equity, on a contract void under the statute of frauds.   The

presumption is, that it was intended to be limited to contracts for land, valid in law, and that other cases were to be left as uncontrolled by it. The opinion, expressed as to parties, is my own individual opinion ; a majority of the Court believe that a suit such as this, may well be sustained against the administrator without making the heirs parties, but that it would not be error to join them with the administrator. When this case goes back, as it must, the petitioner can amend by making the heirs parties, with the administrators, if he wishes to do so. The judgment is reversed and the cause remanded.

Reversed and remanded,