26 273
79 425
26 273
31a 451

R. D. FLACK'S ADMINISTRATOR v. GEORGE J. NEILL.

A communication cannot be considered as privileged because made in professional confidence, unless the person to whom it is made is acting, for the time being, in the character of legal adviser of the person who makes it.

The communication, to be privileged, must also be made for the purpose of obtaining professional advice or aid in the matter to which such communication relates.

APPEAL from Guadalupe. Tried below before the Hon. A. W. Terrell.

This suit was instituted by R. D. Flack in his lifetime against the appellee, upon the promissory note of the latter for the sum of $416 52, dated February 12th, 1853, and due the 1st of January, 1854. R. D. Flack having died, the suit proceeded in the name of his administrator.

Besides a general denial, the defendant pleaded specially that the note was obtained from him by the false and fraudulent representations of R. D. Flack. The defendant, in 1844, was appointed administrator upon the estate of Charles S. Smith, deceased, and in 1845 closed the administration and was regularly discharged by the County Court. The fraudulent representations relied on were, in substance, that at the time the note was executed, Flack falsely stated to Neill, who was an ignorant and illiterate man, that he held a valid and subsisting claim against Smith's estate, which had been allowed by an administrator who preceded Neill, and had been properly approved by the Chief Justice of the County Court; and that in closing his administration without settling this claim, he (Neill) had become legally responsible for the same in his individual capacity; and that unless he, the defendant, would execute his note for the debt, he, Flack, would sue and break him up. The defendant's answers averred that these representations were wholly false and fraudulent, and that by means of them and the accompanying threat, he was induced to execute the note sued on.

On the trial the defendant offered in evidence a deposition of R. A. Rutherford, for the purpose of proving statements made by

18

Flack to the witness, with regard to the consideration of the note and the manner in which it had been obtained from the defendant. In response to an appropriate interrogatory, the witness answered: "Flack told me it (the note) was given for a debt himself and some one else, a partner in merchandise, had against the estate of one Charles S. Smith; that he had managed Neill well to get it, or something to that effect. Before the note was executed, Flack had told me of a claim he had against said estate, and stated that he thought he could scare Neill into executing to him his individual note for the debt. After he had succeeded in getting it, and when he exhibited it to me, as before stated, he exulted over his success; he said he not only threatened him with a suit, but that he had misrepresented the facts to him, Neill. Flack said at first he was under the impression that his claim was properly proved up, or a good claim against the estate, but he was afterwards informed that there was some defect about it. · He stated to me that he had made Neill believe he was liable, because his debt was a good outstanding claim against said estate, he, Neill, having been the administrator of the same, and neglecting to pay it. I understood him that he had imposed upon Neill in this; that he had told him, Neill, that his claim was good against said estate, and he, Neill, was consequently liable, when he, Flack, had been informed to the contrary." From other portions of Rutherford's evidence, it appeared that he was an attorney-at-law, and had once been employed in that capacity by Flack, previous to the conversation of which he testified; but he denied that he was Flack's attorney with respect to the claim upon Smith's estate or the note of Neill, although Flack asked his opinion about whether it could be collected, for which he neither received or charged a fee. This evidence was objected to by the plaintiff, but admitted by the court.

There was verdict and judgment for the defendant, and the plaintiff appealed.

C. Reich, for appellant.—The privilege is that of the client, and not of the attorney; and hence the client alone is capable of judging of what communications were regarded by him as confi-

dential at the time they were made. If the character of the attorney, as such, formed the basis of the communication, then it is privileged. (Chirac v. Reinicker, 11th Wheaton, 280, which is a stronger case in favor of the rule than the one at bar. See, also, 1st Greenl. Ev., sec. 238, note 1; 1st Phil. Ev., p. 168.)

If the communication was made touching a matter coming within the ordinary scope of professional employment, it is privileged. (1 Greenl. Ev., sec. 237.)

If the communication was made for the purpose of procuring professional advice, it is privileged. (1 Greenl. Ev., sec. 240, and note 5; Cowan Hill's Notes to Phil. Ev., note 139 to vol. 1.)

And it makes no difference that no suit has been commenced, or that none is contemplated. It is sufficient that the matter in hand may become the subject of judicial inquiry. (1 Phil. Ev., 167.)

The privilege extends as well to facts communicated by the client, as it does to advice given by the attorney.

*Chandler & Turner* for appellees—Cited Sayles' Prac., sec. 66, 67; 1 Phil. Ev., 169, 140; 1 Greenl. Ev., sec. 240, 244; Bank of Utica v. Mussena, 3 Barb. Ch. R., 595; 14 Ill. R., 89; 9 Barr. R., 301; 14 Pick. R., 420; 13 Johns. R., 493; 32 Maine R., 496; 9 Eng. Com. Law R., 325.

BELL, J. We are of opinion that the charge of the court below to the jury was as favorable to the plaintiff as the circumstances of the case warranted; and that the only question presented by the record which is worthy of any consideration, arises upon the bill of exception to the refusal of the court below to rule out from the consideration of the jury a portion of the deposition of R. A. Rutherford. The plaintiff objected to the admission of so much of one of the depositions of the witness Rutherford as stated the terms of a conversation between himself and the deceased, R. D. Flack, in relation to the note sued on, and the manner in which the said Flack procured the execution of the note by the defendant, Neill, upon the ground that the communications made to Rutherford by Flack were privileged communications, made by Flack to Rutherford, in his character of an attorney-at-law. A communi-

cation cannot be considered as privileged, because made in professional confidence, unless the person to whom it is made is acting for the time being in the character of legal adviser of the person who makes it. The communication must also be made for the purpose of obtaining professional advice or aid in the matter to which the communication relates. (1 Greenleaf's Evid., sec. 239 and 240.) Tested by these rules, we are of opinion that the communication in question in this case cannot be considered as privileged. It does not seem to have been made for the purpose of obtaining professional advice. The most important part of it, in its bearing upon this case, was made after the note was executed by Neill, and seems to have been a voluntary narrative of the circumstances attending a past transaction. Nor is it shown that Rutherford was the legal adviser of Flack at the time the conversation to which Rutherford testifies transpired between them. It was for the jury to attach that weight they thought proper to the testimony of the witness, and we think the court below did not err in refusing to disturb the verdict.

The judgment of the court below is affirmed.

Judgment affirmed.