## T. J. JOHNSON v. D. BOWDEN

1. A testatrix appointed two executors of her will, and provided in the will that if they should " deem it to the interest of my estate to sell the " house and lots this day deeded to me by my daughter, at public or pri- " vate sale, I direct that they shall have full and ample power to do so." Only one of the executors qualified. *Held,* that he was authorized to execute the power and to sell the property.
2. When land has been sold by parol, the purchase-money paid, and possession taken and improvements made by the purchaser, the case is not within the Statute of Frauds, and the purchaser is entitled to a specific performance.

APPEAL from Anderson. Tried below before the Hon. John G. Scott.

The opinion of the court discloses the general character of the case. The litigation had its origin in the clause of the will quoted in the first head-note. While it is true that there were other trusts and duties involved in the execution of the will, it does not appear that the sale of the property in question was necessary to their execution.

The first clause of the will directed the payment of the funeral expenses and debts of the testatrix. Following it were six

clauses making specific legacies.    The eighth clause disposed of
the residue of the estate by an' equal division among the heirs
of the testatrix.    The ninth exempted the estate from the con-
trol of the probate court.    The tenth appointed the two execu-
tors, exonerated them from bond or security, and concluded with
the power of sale quoted in the head-note; and this clause was
the last contained in the will.

*T. T. Gammage*, for the appellant.

*John H. Reagan*, for the appellee.    If the court should feel
called on to look beyond the points above presented to deter-
mine the case, then it is submitted that appellant had no cause
of action, and that the suit was rightly dismissed, because the
executor Gooch had no power to sell the property in contro-
versy.    By reference to the will, under which it is averred he
made the sale, it will be seen that he and his co-executor Har-
rell were exempted from giving bond, and the estate taken out
of the probate court, and that they, the two executors, were
authorized to sell this property at public or private sale, if they
should deem it to the interest of the estate of the testatrix.
The language of the will is : " Should my executors deem it to
" the interest of my estate to sell the house and lots this day
" deeded to me by my daughter Drucilla Bowden, at public or
" private sale, I direct that they shall have full and ample
" power to do so."    This clause gives the power to sell to the
two executors jointly, and requires the joint exercise of their
discretion as to whether it was to the interest of her estate for
them to do so.    The executors are not charged with the sale of
this property to fulfill any particular trust, such as the pay-
ment of debts, or the satisfaction of legacies, out of the fund
for which it might be sold, and therefore, after the failure of
Harrell to qualify as executor, the power to sell did not survive
to Gooch, the remaining executor.

" An executor may be appointed solely, or in conjunction
" with others ; but in the latter case, they are all considered,

"in law, in the light of one individual person." (Williams on Executors, side page, 201.)

"The ordinary functions incident to the office of executor "may be exercised by one of several appointed executors, "although the others renounce. Yet, at common law, where "a power is given by will to executors to sell land, and one "of them refused the trust, it was clear the others could not "sell." (Ib. p. 814; and see Ib., pp. 817, 818, and note x; Story's Equity Jurisprudence, Section 1062; 2 Johnson's Chancery Rep., pp. 19, 20; 14 Johnson's Rep., p. 553.)

If the power vested by the will in the executors, Gooch and Harrell, to sell, had been coupled with an interest, then, it is admitted, the survivor could sell; but a mere naked power being given, the survivor had no authority to sell. (10 Peters's Rep., p. 563; 4 Kent's Com., p. 325 and notes.)

Executors must follow the directions in the will. (Paschal's Dig., Article 1324; and Tippett v. Mize, 30 Texas, 364.)

WALKER, J. The opinion heretofore announced, dismissing this case, has been held up, on our attention being called to an agreement of counsel, waiving the substantial grounds of the motion to dismiss. We think it due to ourselves, however, to notice that though by the agreement the failure of the appellant to assign errors was waived, and he was permitted to make his assignment of errors here, yet no errors have been assigned. The record is not indexed, and we have been compelled to grope our way through the record to find what should have been brought directly and specifically to our notice. This self-imposed labor has not been without its results.

Drucilla McMeans died, leaving a will which authorized the executors, John G. Gooch and E. H. Harrell, whom she had appointed to execute her will, to sell at public or private sale the property in controversy. Harrell died without having qualified or acted as executor; but Gooch, *virtute officii*, sold the property to John H. Morrison, at private sale, in 1866, for one hundred and fifty dollars, Morrison paying one hun-

dred and thirty-eight dollars of the purchase-money in hand. A deed was written out and signed by Gooch; but, requiring attestation, the delivery and record were delayed until after Gooch's death. Morrison went into possession of the property, and claims to have made improvements; and he also claims to have paid the remainder of the purchase-money to Gooch's administrator, who, he avers, paid the same to the appellee. He also pleads a tender in court to the appellee, Mrs. Bowden, who is the administratrix *de bonis non*, with the will annexed, of Mrs. McMeans.

There can be no doubt but that the court erred in sustaining the exceptions to the plaintiff's petition. The failure of Harrell to qualify as executor could not defeat the execution of the power by Gooch. This was a naked power devised, and there were other duties and trusts involved in the execution of the will. (Franklin v. Osgood, 14 Johnson, 553; Zebach v. Smith, 3 Binney, 69; Jackson v. Burtis, 14 Johnson, 398; Sugden on Powers, p. 105; Story's Eq. Juris., Section 1062.)

Morrison having sold the property to Wrenn and wife, and they to Johnson, he becomes a proper party to this suit and may prosecute it in his own name.

The doctrine of this court is, that where property is sold by parol sale, the purchase-money paid, and the vendee takes possession of the property and makes improvements, the case is not within the statute of frauds, and a decree will be rendered for specific performance. Dugan's heirs v. Colville's heirs, 8 Texas, 126; Ottenhouse v. Burleson, 11 Texas, 87.

These cases have been followed in the subsequent adjudications of this court. The judgment of the District Court is reversed and the cause remanded.

　　　　　　　　　　　　　　　Reversed and remanded.