T. J. JOHNSON ET AL. *v.* DRUCILLA BOWDEN ET AL.

1. EXECUTION OF POWERS.—In a will two persons were named as executors, one of whom qualified; the will empowered the executors to sell a house and lot: *Held*, that a sale made by the executor who qualified was a legal execution of the power, and passed title to the land sold.

2. CONSTRUCTION OF STATUTE.—Section 74 of the probate act of 20 March, 1848, (Paschal's Dig., art. 1335,) providing "that if there be more than one executor named in the letters, any one or more of them, on the neglect of the rest, may return an inventory," &c., conferred the full powers granted by the will to *executors* upon the one or more qualifying.

3. CONSTRUCTION OF WILLS.—A will made, conferring powers upon *executors*, while the statutes of the State provide that the will may be administered by the survivor, or by one qualifying, on the death, resignation, or refusal to act of the others, will be considered as conferring such powers upon those who by law might discharge the duties of executors.

APPEAL from Anderson.    Tried below before the Hon. M. H. Bonner.

This case was before this court on appeal in 1872.    (37 Tex., 621.)    The facts are given in the opinion.

*T. T. Gammage,* for appellants.

*Reagan & Greenwood,* for appellees.

MOORE, ASSOCIATE JUSTICE.—The only question which it is necessary for us to decide in this case depends upon the construction to be given to the last paragraph in the will of Drucilla McMeans, authorizing her executors to sell the house and lots in controversy in this suit.

By the first item in the will the testatrix directs that her personal expenses and debts shall be paid.    Following which there are six items making specific legacies. In the eighth she divides the residue of her estate equally among her children, with the exception of a son in California.    By the ninth she directs that the probate court shall exercise no jurisdiction over her estate, except to admit her will to probate, and receive an inventory of her property.    In the tenth she directs that her personal apparel be divided between her daughters.    The will then concludes in the following language, to wit:

"I hereby nominate and appoint John G. Gooch and E. H. Herrill to be the executors of this my last will and testament, and request that the probate court require no bond or security of them as such.    In testimony whereof I hereto set my hand and seal, using scrawl for seal, this 28th day of February, A. D. 1865.

"Should my executors deem it to the interest of my estate to sell the house and lots this day deeded to me by my daughter, Drucilla Bowden, at public or private sale, I direct that they shall have full and ample power to do so."

The will was duly probated on the 27th of March, 1865, and on the 7th of March, 1866, said Gooch, who alone had qualified as executor, sold said house and lots at private sale.

Without entering further into the details of the transaction it will suffice to say that the court held, contrary to the decision of this court in this very case when here on a former appeal, (37 Tex., 621,) that the power conferred by the will was a joint power to the two parties named as executors, and could not be executed by one of them alone, though the other renounced the trust and refused to qualify as executor.   This ruling was fatal to the plaintiff's action, and unless correct will require a reversal of the judgment.

Few branches of law have been more fruitful subjects of litigation than the proper construction of powers and the due exercise of the functions conferred by them, or has given rise to more subtile distinctions, and as to which the rulings of the courts have been seemingly more in conflict. It would, therefore, be an unprofitable task to undertake a general and elaborate discussion of the subject or review of even the leading decisions upon it.   The general principles which most of the standard elementary writers recognize as the result of the decisions are summed up in the following propositions:  "First. That when a power is given to two or more by their proper names, who are not made executors, it will not survive without express words. Second. That when it is given to three or more generally, as 'to my trustees,' 'my sons,' &c., and not by their proper names, the authority will survive whilst the plural number remains.   Third. That when the authority is given to executors and the will does not expressly point to the joint exercise of it, even a single surviving executor may execute

it. Fourth. But when it is given to them nominatim, although in the character of executors, it is at least doubtful whether it will survive." (Sugd. Powers, 165–6.)

The same general principles are thus expressed by Hill, in his work on the law relative to trustees, (p. 687:) "A power of sale, whether it be a common-law authority or one taking effect under the statute of uses, can be exercised only by the parties to whom it is expressly given. Hence doubts have occasionally arisen as to the validity of the execution of the power after the death of the original donors. For instance, when a power is given to two or more persons by name, without any words of survivorship, it cannot be exercised by the others alone after the death or renunciation of any one of the donees. But when the power is conferred on 'the trustees' as a class, and not by name, then the power will be continued as long as there are more trustees than one, by whom it may be executed, although no words of survivorship be added. If the power were given to persons nominatim, but also in their character as trustees, without any words of survivorship, it might still be matter of doubt whether the power would exist after the death of the original donees." (See also Story's Eq. Jurs., sec. 1062; 2 Perry on Trustees, sec. 493, No. 5.) Co. Litt., 113*a*; Hargrave, note 2.

And in the case of Zebach *v.* Smith, (5 Binn., 69,) where the power was given to the executors, naming them, the court say: "It has been objected by plaintiff's counsel that the executors had but a bare naked power to sell, without any interest, and the authority being given to them in the plural number, a single executor was not justified in making sale under the plain expressions in the will." * * * * * * "It is admitted on all hands that if the authority to sell was given to executors *virtute officii*, a surviving executor might sell, and an acting executor is put in the same state as a surviving executor, upon the renunciation of the other executors, by the words of

the statute of 21 Henry VIII, c. 4. Now, here the executors by their name of office are expressly empowered to sell, and it seems of little moment that they are afterwards named individually. The authority is given them in their character of executors, and for the purpose of payment of debts, as appears by the succeeding clause in the will, an object which is highly favored in law."

By this will the power was given the executors without naming them. The payment of the debts and the general management and settlement of the estate was committed to their charge. And whether in doing this it would be to the advantage of the estate to sell these lots was certainly intrusted to the discretion of her executors *virtute officii.* As the duty of settling the estate devolved alone on Gooch by the renunciation of Herrill, he was unquestionably intrusted with the same discretion in the exercise of the powers with which the executors were intrusted for this purpose. If this was not so, the renunciation of the trust by one executor would render the qualification of the other nugatory.

Counsel for appellee insist that the statute of 21 Henry VIII, c. 4, which provides that the qualified and acting executor may execute the will when the others " do refuse to take upon him or them the administration and charge of the same testament and last will wherein they be so named as executors" has not been adopted in this State, and, therefore, cases decided when it is in force, holding that powers committed to executors can be executed by such as qualify, or the survivor of them, are not applicable with us. But this is a mistake. Though this statute has not been adopted by our legislature, the principle embodied in it has been ingrafted into our law.

Section 74 of the act of March 20, 1848, (Paschal's Dig., art. 1335,) to regulate proceedings in the County Court pertaining to estates of deceased persons, reads: "That if there be more than one executor or administrator named

in the letters, any one or more of them, on the neglect of the rest, may return an inventory as required by this act; and the executor or administrator so neglecting shall not thereafter interfere with the estate or have any power over the same, but the executor or administrator so returning shall have thereafter the whole administration, unless within two months after the return the delinquent or delinquents shall assign to the court some reasonable excuse which it shall deem satisfactory."

As the testatrix must have known by the death, renunciation, or neglect of one of the parties she nominated as executors of her estate its administration would be committed to the sole charge of the others we may infer that she contemplated and intended the powers committed to them as executors should not be regarded as a personal or individual trust, but should be exercised by such one of them as might discharge the duties of the executorship.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Justice REEVES did not sit in this case.]