## SHANNON v. STAHA. (No. 711.)

(Court of Civil Appeals of Texas. Beaumont.
July 8, 1921. Rehearing Denied
Oct. 12, 1921.)

1. **Specific performance** ⬅🔑120—**Receipt given purchaser for part payment held admissible to show parol sale.**

In purchaser's suit for specific performance of parol contract for sale of land, receipt given purchaser for part payment *held* admissible as evidence of the parol sale.

2. **Specific performance** ⬅🔑117 — **No variance between allegation that purchaser purchased four lots and proof that he purchased two, where suit was dismissed as to other two.**

In purchaser's suit for specific performance of parol contract for sale of land, there was no variance between the allegation that he purchased lots 23, 24, 25, and 26, in a certain block, and testimony that he purchased *only lots 23 and 24*, where before resting purchaser dismissed his suit as to lots 25 and 26.

3. **Frauds, statute of** ⬅🔑129(11)—**Parol sale held not within statute where purchaser paid part of price, took possession, and constructed dwelling on lot.**

Where purchaser under parol contract paid a portion of the purchase price, took possession, and constructed a dwelling on the lot before any dispute arose as to the validity of the sale, the sale was not within the statute.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by Louis Staha against Joe Shannon. Decree for plaintiff, and defendant appeals. Affirmed.

A. L. Shaw, of Beaumont, for appellant.
David E. O'Fiel, of Beaumont, for appellee.

WALKER, J. This was a suit by appellee against appellant, praying for specific performance of a verbal sale of land and for damages. On a trial by the court without a jury, judgment was for the plaintiff. Defendant duly entered his exceptions, and on his motion the trial court filed the following conclusions of fact:

"(1) I find that on or about Monday, December 3, 1917, the defendant herein entered into a verbal agreement with the plaintiff, Louis Staha, to sell him a plot of land in block 91 of a suburb to Beaumont, sometimes called 'East Beaumont,' but in a map or plat of same, which was introduced in evidence herein, called 'Rose City' laid out on tract of land directly opposite the city of Beaumont and on the east side of the Neches river about 2½ miles from Beaumont, Tex., on what is known as the 'Beaumont-Orange Upper Road', for a total consideration of $35, and that same was a reasonable and fair price for said land.

"(2) That on or about Monday, December 3,

1917, and after the making of said agreement, the plaintiff, Louis Staha, paid the defendant, Joe Shannon, the sum of $10, and received from Joe Shannon a receipt for the same, written and signed by Joe Shannon, reading as follows: 'Received of Louis Staha $10.00 as part payment on lot in East Beaumont, Blk. 91, total price $35.00, balance $25.00, Monday Dec. 3, 1917. [Signed] Joe Shannon.'

"And that at the time of making the sale, or immediately thereafter, the said Joe Shannon *went out upon the land and stepped it off*, showing plaintiff the boundaries and plot on the ground, making a strip of land 50 feet wide by 140 feet deep, and which said strip or plot of land was identified as lots 23 and 24, block 91, of 'Rose City' as laid out by the East Beaumont Oil & Gas Company on their lands in Orange county, opposite Beaumont, Tex., as shown by the plat or map above referred to introduced in evidence.

"I find that on September 16, 1918, of the remaining $25, Joseph Shannon, defendant, accepted payment of $10 in work, and which the evidence shows was agreed to be applied in part payment of said $25, at which time the said Joseph Shannon executed and tendered his receipt in writing, signed by him, reading as follows: 'Sept. 16, 1918. I, Joseph Shannon, hereby acknowledge that I am in debt to Louis Staha, $10.00 for carpenter work. [Signed] Joseph Shannon.'

"I find that on or about January 1, 1919, and before the filing of this suit, Louis Staha tendered and offered to pay Joe Shannon the sum of $15 balance, which tender and offer were refused by Joe Shannon, defendant, and that thereafter and at the time of the trial of this suit, the sum of $15 was tendered and paid into the registry of the court for the use and benefit and to be paid to the said Joe Shannon by Louis Staha, as a preliminary to his receiving a deed of conveyance from Joe Shannon, defendant, which was also refused by said Joe Shannon.

"I further find that at the time of the agreement to sell said land by Joe Shannon to Louis Staha, the said Joe Shannon agreed to make and deliver to Louis Staha a general warranty deed, conveying him said land, which said conveyance was to be made on the completion of the payment of said balance due of $25.

"I find that immediately after the agreement to sell, made him about the 1st of December, 1917, the said Louis Staha entered into the possession of said premises and cleared off the land, which was grown up with scrubs and underbrush and covered with stumps, at considerable effort and expense and matter of time to himself, and that very shortly and almost immediately thereafter the said Louis Staha made and erected on said premises a small two-room frame house, which in workmanship and material at the time of its erection was worth approximately the sum of about $125 or $130, and that thereafter the said Louis Staha made an addition to said house, an expense to himself in workmanship and material of approximately $75, and that at the time of the filing of this suit herein and trial hereof, the improvements upon the place in the way of said house were worth at least the sum of $200, and I find that said improvements were made and the

⬅🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

house erected before any dispute arose between plaintiff and defendant as to defendant's executing to plaintiff said deed.

"I find that the plaintiff inclosed said land with a fence of poultry wire netting entirely around the same, with six-inch rail at the bottom and one or two wires at the top, and that the approximate worth of said fence in material and labor was about the sum of $40.

"I find that some time on or about November 15, 1919, before the filing of this suit and during the casual absence of plaintiff, Louis Staha, from off of said premises, the said Louis Staha being an unmarried man and living alone on said premises in controversy, the defendant, Joe Shannon, with two others, without the knowledge or permission of the plaintiff, Louis Staha, chopped down, partially destroyed, and injured the fence erected by plaintiff around said property, and that stock, consisting of cattle and hogs, entered on said property and injured the patch of sweet potatoes, resulting in a total loss to the plaintiff of said sweet potatoes, and that the value of the potatoes was $45, and that the fence, while not resulting in a total loss, was damaged and injured to the extent of $15.

"I find from the evidence that after the filing of this suit the defendant, Joe Shannon, had filed two suits in forcible detainer against the plaintiff, Louis Staha; one in the Tiger Creek schoolhouse precinct No. 4, Orange county, Tex., and one at the justice court, precinct No. 1, Orange county, at Orange, Tex., which latter suit has occasioned the plaintiff herein a great deal of annoyance and inconvenience in order to look after, and I find that immediately after the defendant herein had chopped down and destroyed the fence around plaintiff's property he had made threats to plaintiff that he would chop his fence down every time he put it up, and I further find that at another time about the time of the bringing of this suit the defendant, Joe Shannon, had entered upon the premises of the plaintiff and went into the plaintiff's house and attacked him in his house, apparently without cause or provocation, and from such evidence so submitted and adduced before me, I find that the actions of the defendant in cutting said fence were malicious, unprovoked, and unjustifiable, and done with the intent to harm and injure the plaintiff, and I find that the sum of $100 is an approximate and adequate sum to be awarded the plaintiff, as exemplary damages.

"I find that the plaintiff made the contract for the purchase of said land in good faith, relying upon the representations and statements of the defendant that defendant would execute to him a deed for said land, as soon as he had paid for same, and that but for such promise on the part of the defendant the plaintiff would not have purchased said land, nor made the improvements thereon, which he did.

"I find there is $500 owing as balance on a mortgage on a large tract of land, by Joe Shannon, of which large tract this land is a part."

[1] Appellant's first assignment of error is against the admission of the following receipt:

"Received of Louis Staha $10.00 as part payment on lot in East Beaumont, Blk. 91, total price $35.00, balance $25.00, Monday Dec. 3, 1917. [Signed] Joe Shannon."

No error is shown in the admission of this instrument. This instrument was not the basis of appellee's cause of action, but was offered only as evidence of parol sale. Under the evidence, as reflected by the statement of facts, appellee did not buy the property in controversy by lot number, but bought it as a "lot." He testified that the defendant pointed out to him the property actually sold, and that he thought he was buying one lot 50x140 feet.

[2, 3] Under his second and third assignments, appellant advances the proposition of variance between the facts alleged and the facts found by the court. We cannot sustain him in this contention. Appellee alleged that he bought lots 23, 24, 25, and 26 in block 91. He alleged further that after the parol purchase of these lots he immediately went into possession and improved them by building a house thereon, fencing and grubbing and putting it in cultivation. His testimony sustains his allegation that he fenced all the land he bought. The testimony showed that he had under fence only lots 23 and 24. Before resting he dismissed "his suit" as to lots 25 and 26, leaving in controversy only lots 23 and 24. This did not constitute a variance between his allegations and his proof. In fact, the proof directly sustains the allegation that the sale involved the land appellant had under fence. Then when he dismissed as to lots 25 and 26, the property, by lot and block number, was the identical property which had been sold him. The court's conclusion of fact that appellant agreed to sell these lots to appellee is abundantly supported by testimony. Under the facts found by the trial court, this sale does not come within the provisions of the statute of frauds.

This disposes of all of appellant's assignments of error.

The judgment of the trial court is in all things affirmed.