**SALAS v. SALAS et ux.**

No. 12078.

Court of Civil Appeals of Texas. San Antonio.

March 22, 1950.

Rehearing Denied April 19, 1950.

Harry B. Berry, San Antonio, for appellant.

Guy Bonham, San Antonio, for appellees.

MURRAY, Chief Justice.

This cause, in the form of a trespass to try title suit, was instituted by Antonio Salas and wife, Homana Salas, against Rosa Rivera Salas, a widow, seeking to recover the title and possession of Lot 5, Block 7, New City Block No. 2251, situated within the corporate limits of the City of San Antonio, Bexar County, Texas.

Defendant, Rosa Rivera Salas, answered by a plea of not guilty and by way of cross-action sought specific performance of an alleged parol sale by plaintiffs, Antonio and Romana Salas, of the house and lot here involved to her and her husband, Pablo Salas (now deceased). She further alleged that pursuant to this parol sale she and Pablo went into possession of the premises, paid the consideration, except such part thereof as they were prevented from paying by the fraud of Antonio Salas, and made permanent and valuable improvements thereon. She further alleged that under all the facts it would be a fraud upon her not to enforce the parol sale.

The cause was submitted to a jury upon eleven special issues, which were answered favorably to defendant, but plaintiff's motion for judgment non obstante veredicto was granted by the trial court and judgment rendered in favor of plaintiff for the title and possession of the property sued for, together with the sum of $390.00 as damages.

From that judgment Rosa Rivera Salas has prosecuted this appeal.

The motion for judgment non obstante veredicto did not challenge the jury's answer to any specific issues but was directed against the verdict as a whole, and thus the only question presented is, Were appellees entitled to an instructed verdict in the first place?

Appellees contend that the alleged oral sale of the property by Antonio Salas and wife to Rosa Rivera Salas and her husband, Pablo Salas, was void and unenforcible by reason of the Statute of Frauds, Art. 3995, § 4, Vernon's Ann.Civ.Stats.

The rule with reference to parol sales of land was laid down by Phillips, C. J., in the familiar case of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, as follows: "From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Tex. 552. Nor is possession of the premises by the vendee. Ann Berta Lodge No. 42, I. O. O. F. v. Leverton, 42 Tex. 18. Each of these three elements is indispensable, and they must all exist."

█ The evidence is sufficient here to show that Rosa Rivera Salas has been in possession of the premises, known as Lot 5, Block 7, New City Block No. 2251, since the time of the alleged parol sale. However, the evidence fails to show that appellant and her husband made valuable and permanent improvements on the premises, or that they paid the consideration in full. Possession and payment of a part of the consideration are insufficient to take a parol sale of land out of the operation of the statute of frauds. Art. 3995, § 4. All three elements stated in Hooks v. Bridgewater, supra, must be present, that is, there must be payment of consideration, possession by vendee and making of valuable and permanent improvements by vendee with vendor's consent, or, in the absence of improvements, presence of such facts as would make the transaction a fraud on vendee if the contract were not enforced, and each of such three elements is indispensable. American Nat. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Taber v. Pettus Oil Ref. Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808.

█ The only evidence relating to improvements is, that appellant and her husband put in four windows, had placed two loads of ground in the driveway, and were preparing to paper the house. There is no evidence as to the value of these improvements, nor as to their permanency. The burden was upon appellant to show by the evidence that she and her husband had made permanent and valuable improvements upon the land. So far as this record is concerned, these improvements may have been only of a nominal value, or may not have been of a permanent nature. Improvements of a negligible value are insufficient to take a parol sale of land out of the Statute of Frauds. Garza v. Martinez Mercantile Co., Tex.Civ.App., 208 S.W.2d 567.

█ The evidence further shows that appellant and her husband breached their agreement to pay all installments as they came due. Appellant and her husband did pay all delinquent installments at the time they went into possession, amounting to some $160.00, and paid all other installments as they came due, up until the time of the death of her husband in April, 1946. All installments thereafter coming due were paid by Antonio Salas. Appellant gives as her reason for not paying these installments, that Antonio Salas did not bring her the notices sent out by the company as the installments became due. She admitted that she knew where these monthly payments were to be made and the amount

thereof. The failure to receive the notices would not excuse her from making the payments. Payment in full of the consideration is required before a parol sale of land can be enforced and a mere tender of the consideration or an expression of a willingness to pay such consideration or the balance due thereon is not sufficient. Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; Garza v. Martinez Mercantile Co., Tex.Civ.App., 208 S.W.2d 567.

The house and lot herein involved was originally owned by one Ben Nathan. He entered into a sales contract with Antonio Salas for the sale of the premises to him in consideration of certain monthly installments. In 1943 Antonio Salas was in arrears with the payment of these installments. He told his son Pablo and his wife, Rosa, that if they would pay up the past due installments and thereafter pay all other installments as they came due they could move into the house and it would be theirs. There was evidence that the reasonable rental value of the house was between $18.00 and $25.00 per month. The monthly installments were some $18.00 per month. Pablo and Rosa paid up all past due installments and met current installments as they came due until the death of Pablo in April, 1943. From that time on Antonio Salas made these payments. Shortly after Pablo and Rosa moved into the house Ben Nathan sold and transferred the installment note to the Farm and Home Savings & Loan Association, and thereafter all payments were made to this company. A warranty deed from Ben Nathan to Antonio Salas and Romana Salas, conveying said Lot 5, was executed on October 29, 1943. Appellant, having failed to pay the full consideration for the parol sale and having breached her agreement in this respect, is not in a position to ask for enforcement of this parol contract for the sale of the property.

■ Appellant contends that appellees failed to prove a common source of title. We overrule this contention. It is conclusively shown that appellees had prior possession of these premises, that Ben Nathan conveyed the property by warranty deed to Antonio and Romana Salas pursuant to a written contract of sale, and that appellant and her husband entered into possession of the property with the permission and consent of Antonio and Romana Salas and appellant claims title under a parol contract of sale made with Antonio and Romana Salas. Under such facts the common source of title is established in Ben Nathan.

■ There is not present in this record such facts as show that it would be a fraud upon appellant not to enforce this parol sale of this property. It was shown that the reasonable rent of this house and premises was from $18.00 to $25.00 per month. Appellant and her husband occupied the premises from December, 1943, until April, 1946, and after Pablo's death appellant occupied the premises up until the time of the trial of this suit in March, 1949. During all this time appellant and her husband paid only the total sum of $736.14, which was considerably less than the reasonable rent for the time she has occupied the premises.

■ The trial court did err in rendering judgment in favor of appellees for damages in the sum of $390.00 on motion for judgment non-obstante veredicto. The motion for judgment non-obstante veredicto was based not upon the theory that some of the answers of the jury should be disregarded but upon the theory that all of such findings were wrong and should be set aside and that the evidence raised no question of fact. The trial judge sustained this motion, thereby setting aside all the findings of the jury. There was a jury in the case and if appellees expected to recover their damages from appellant they should have secured findings from the jury upon which to base such damages and should not have asked the court to set aside such findings as being wrong.

The judgment will be reformed so as to eliminate any recovery on the part of appellees from appellant for damages, and as thus reformed the judgment will be affirmed.