**Val L. PENNINGTON et ux., Appellants,**

v.

**Harold W. BENNETT, Appellee.**

**No. 17179.**

Court of Civil Appeals of Texas.

Dallas.

Dec. 6, 1968.

Rehearing Denied Jan. 3, 1969.

Elgin P. Wilson, Dallas, for appellants.

Kenneth C. Stephenson, of Biggers, Baker, Lloyd & Carver, for appellee.

BATEMAN, Justice.

Although in form an action in trespass to try title, this suit was actually one by the appellants Val L. Pennington and wife for specific performance of an oral contract for the sale of real property to them. This appears without dispute from appellants' petition and from appellee's affidavit filed in support of his motion for summary judgment. The trial court sustained this motion and we affirm.

Appellee pled the statute of frauds, Vernon's Ann.Civ.St., Art. 3995, which renders a contract for sale of realty unenforceable unless evidenced by an appropriate writing signed by the party to be charged therewith or by his authority.

■ Our Supreme Court, in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216 (1921), recognized that equity may in some cases relieve a parol sale of land from the operation of this statute, but made it quite clear that to do so three things were necessary: (1) payment in full of the agreed consideration; (2) possession by the purchaser; and (3) the making by him of valuable permanent improvements upon the land with the consent of the seller; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. All three elements must exist.

Appellee in his affidavit admitted appellants were in possession of the property but swore that such possession was under and by virtue of a parol rental agreement. He also swore that although there had been an oral contract by which he agreed to sell the property to appellants for $11,750 the appellants never consummated their purchase of the same but had rented it from appellee at an agreed rental of $100 per month and that the total amount paid by them as rent was $6,150.

■ Appellants offered no evidence whatever, although in a sworn answer to the motion for summary judgment they alleged that the purchase price agreed upon was only $10,000 for the realty and $500 for the furniture therein. They do not contend that they paid more than $6,150, either as rent or as purchase price. Neither party offered any evidence concerning the making by apellants of valuable permanent improvements. However, it appears without dispute that the entire agreed purchase price has not been paid, whether it was $11,750 as contended by appellee, or only $10,000 as contended by appellants. As said in Salas v. Salas, 229 S.W.2d 881, 883 (Tex.Civ.App., San Antonio 1950, writ ref'd n. r. e.), "Possession and payment of a part of the consideration are insufficient to take a parol sale of land out of the operation of the statute of frauds."

Appellants assert five points of error, in the second of which they complain that they were denied the right to plead equitable title, but there is nothing in the record before us to show any effort on their part to file additional pleadings or any court action that prevented them from doing so.

In their first, third, fourth and fifth points of error they complain in varying phraseology of being denied the right to offer either parol testimony or three unidentified documents said to be filed in the Deed Records of Dallas County, Texas, in order to prove their equitable title or interest in the property; and that the rendition of summary judgment prevented them from showing "an implied trust," a fiduciary relationship, and unjust enrichment.

All of these points must be overruled. In the first place, appellants had full opportunity to present any such evidence in the form of affidavits and certified copies of documents, but did not see fit to do so. In the second place, no such evidence has been suggested, even in appellants' brief, that could possibly remove the case from the effect of the rules announced in Hooks v. Bridgewater, supra, and Salas v. Salas, supra. There is nothing in the record to suggest a fiduciary relationship between the parties, and reliance by one party

upon the oral promise of the other to perform a contract which the law makes unenforceable does not create an implied or constructive trust. "To hold otherwise would render the Statute of Frauds meaningless." Consolidated Gas & Equipment Co. of America v. Thompson, 405 S.W.2d 333, 336 (Tex.1966).

The essence of appellants' position is that enforcement of the statute of frauds against them would perpetrate a fraud upon them, but they offered no evidence of any such fraud. The only evidence before the court proved only an oral contract to sell real property. The rules under which a court of equity may "break through the statute" are set forth carefully and explicitly in Hooks v. Bridgewater, supra. Appellants fail to bring this case within the pattern thus delineated and must be held, therefore, to have failed to show an equitable ground for avoiding the plain provisions of the statute.

All of appellants' points of error are overruled and the judgment is

Affirmed.