Jack Fred O. WALKER, Appellant,

v.

Bobby Gene WALKER et ux., Appellee.

No. 4864.

Court of Civil Appeals of Texas.

Waco.

Nov. 20, 1969.

Rehearing Denied Dec. 18, 1969.

R. A. Kilpatrick, Cleburne, for appellant.

Crosier & Bradley, Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Jack Fred O. Walker and wife from a judgment divesting them of 38.04 acres of land, and enforcing an oral contract to convey such land to Bobby Gene Walker and wife. (Appellants will be referred to as the Jack Walkers, and appellees as the Bobby Walkers).

The Jack Walkers filed this suit against the Bobby Walkers, alleging the Jack Walkers were equitable owners [1] and entitled to possession of a described 75 acre tract of land in Johnson County; that they gave the Bobby Walkers permission to move a frame house onto such property; that they now desire such house moved, but the Bobby Walkers refuse to move same. The Jack Walkers prayed for full possession of the property.

1. By virtue of a contract with Veterans Land Board under which the Board agreed to convey such land to Jack Walker upon payment of balance of $4500. purchase price.

The Bobby Walkers by cross action alleged Jack Walker about August 21, 1962 orally contracted to sell the Bobby Walkers ½ of the described 75 acre tract for $100. per acre, (describing such ½, and reciting same contained 38.04 acres). The Bobby Walkers further alleged cash payment on the consideration of $1233.12, and that they are ready and willing to pay the balance of $2,570.88 upon conveyance of the property to them; that in reliance upon the contract they moved onto the property on July 26, 1964, made numerous improvements on the property, including erection of a house, digging a well, and planting trees; that the Jack Walkers had full knowledge of the above; and that the Jack Walkers repudiated the contract in August 1968. The Bobby Walkers prayed for specific performance of the oral contract to convey the 38.04 acres, and alternatively for recovery of $21,233 for improvements made to the property.

Trial was to a jury which found:

1) The 75 acres was not Jack Walker's homestead in 1962.

2), 3) Jack Walker agreed to sell the 38.04 acres to the Bobby Walkers; for $100. per acre.

4), 5), 6) The Bobby Walkers have paid $1076.12 on the purchase price; and are willing and able to pay the balance.

7) The Bobby Walkers are now in possession of the 38.04 acre tract.

8) The Bobby Walkers went into possession of such tract in 1964.

9), 10) And have made valuable, permanent improvements on such tract.

11) Mrs. Jack Walker had actual knowledge of the agreement to sell.

12) The Bobby Walkers relied on the agreement to sell in making improvements.

13) The Jack Walkers had actual knowledge of such improvements as they were being made.

14) And failed to object to the making of such improvements as they were being made.

15) Such failure to object was relied on by the Bobby Walkers in making such improvements.

16) But for such reliance the Bobby Walkers would not have made such improvements.

17) The reasonable cash market value of the 38.04 acre tract with improvements is $18,200.

18) The reasonable cash market value of the 38.04 acre tract excluding improvements is $6000.

19) Reasonable rental of the 38.04 acres is $2. per acre.

The trial court entered judgment divesting the Jack Walkers of all interest in the 38.04 acres, and vested same in the Bobby Walkers; ordered $2727.88 paid to the Jack Walkers within 30 days (granting lien on the land for such sum); and further granted the Jack Walkers rent on the 38.04 acres at $2. per acre from January 1, 1964.

The Jack Walkers appeal on 14 points, contending the trial court erred in rendering judgment for the Bobby Walkers because:

1) The *entire* consideration under the oral contract has not been paid.

2) There was no finding or evidence the Bobby Walkers had taken *exclusive* possession of the 38.04 acre tract.

3) The evidence is insufficient to support the answer to Issue 2 (that Jack Walker agreed to sell); and such answer is against the great weight and preponderance of the evidence.

Contention 1 asserts judgment cannot be rendered for the vendee of an oral contract to convey unless the consideration be paid *in full*; that it is undisputed that the Bobby Walkers paid only $1076.12 of the $3804. purchase price. Appellants cite Salas v.

Salas, Tex.Civ.App. (NRE) 229 S.W.2d 881; Watson v. Druid Hills Co., Tex.Civ. App. (NRE) 355 S.W.2d 65; and Pennington v. Bennett, Tex.Civ.App. (NRE) 436 S.W.2d 182 as controlling. These cases, citing Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, state that to relieve an oral sale from the operation of the Statute of Frauds, payment of the consideration *in full*, together with possession, and the making of improvements by the vendee is necessary. The requirement that payment of the consideration be *"in full"* is dicta.

In any event Hooks v. Bridgewater states:

" * * * to relieve a parol sale of land from the operation of the statute of frauds, three things (are) necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor * * *. *Payment of the consideration, though it be a payment in full*, is not sufficient * * * nor is possession of the premises by the vendee * * *. Each of these elements is indispensable, and they must all exist."

Hooks v. Bridgewater was decided *April 13, 1921*, and was but a restatement of the existing law. The 1879 case of Ponce v. McWhorter, 50 Tex. 562, 571, recites: "The cases in this court are numerous in which verbal sales of land have been recognized as valid, and enforced where the purchase money has been paid, possession taken with the consent of the vendor, and improvements made without his objection. (Garner v. Stubblefield, 5 Tex. 552; Dugans Heirs v. Colville's Heirs, 8 Tex. 126; Ottenhouse v. Burleson, 11 Tex. 87; Whitson v. Smith, 15 Tex. [33] 36; Neatherly v. Ripley, 21 Tex. 434; Hubbard v. Horne, 24 Tex. 270; Taylor v. Rowland, 26 Tex. 273 [293]; Hendricks v. Snediker, 30 Tex. [296] 306; Robinson v. Davenport, 40 Tex. [333] 341;

Ann Berta Lodge v. Leverton, 42 Tex. [18] 21; Castleman v. Sherry, 42 Tex. 59; Willis v. Matthews, 46 Tex. [478] 483)."

The Neatherly and Dugan Heirs cases, supra, hold that a vendee having paid a *portion* of the purchase price under a parol agreement for the sale of land, and having taken possession and made improvements thereon, is entitled to specific performance of such agreement.

And the Supreme Court in Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076, 1078 (decided November 16, 1921 and after Hooks v. Bridgewater) said: "Possession, payment of the purchase price in full *or in part* and valuable improvements clearly would take the case out of the statute (of frauds)."

Other cases holding that payment of the purchase price *in part* suffices are Hunt v. Evans, Tex.Civ.App., Er. Ref., 233 S.W. 854, 858; Shannon v. Staha, Tex.Civ.App., Er. Dismd., 233 S.W. 1038; Reeves v. San Antonio Bldg. Materials Co., Tex.Civ.App., Er. Refused, 27 S.W.2d 904, 906; Willis and Conner v. Turner, Tex.Civ.App., Er. Dismd., 25 S.W.2d 642, 646; Blum v. Dismuke, Tex.Civ.App., Er. Dismd., 314 S.W. 2d 635; Union Properties Co. v. Klein, Tex. Civ.App. (NRE) 333 S.W.2d 864, 865, 868.

Payment of the consideration *in full*, is not required to render a parol sale of land enforceable, if the other two requirements have been met.

Contention 2 is there is no evidence and no finding that the Bobby Walkers had taken "exclusive possession of the 38.04 acre tract".

The jury found in answer to Issue 8 that the Bobby Walkers "went into possession of the 38.04 acre tract" in 1964, and in answer to Issue 7 found that the Bobby Walkers "are now in possession of the 38.04 acre tract." Appellants objected to Issue 8 "as the 'possession' necessary to bring an oral contract for sale of real estate within the exception must be exclusive posses-

sion", and preserved the objection in motion for judgment NOV, and in amended motion for new trial.

 The record reflects that in July 1964, the Bobby Walkers moved a house onto the west end of the 75 acre tract, improved same, moved into the house with their family, improved the west end of the tract, drilled a well, gardened, had the west 38.04 acres surveyed off from the 75 acre tract, and improved the property some $12,-000. worth, with the Jack Walkers knowledge of such improvements as they were being made. The Bobby Walkers continued to live and are living in the house on the 38.04 acre tract. We think it conclusive that the Bobby Walkers had exclusive possession, and that the matter here complained of, if error, is harmless. Texas Rules of Civil Procedure, rule 434.

Contention 3 is that the evidence is insufficient to support the jury's answer to Issue 2. In Issue 2 the jury found that Jack Walker agreed to sell the 38.04 acre tract to the Bobby Walkers. A 75 acre tract was purchased in 1954 through the Veterans Land Board by Jack Walker from his parents for $4000. Jack Walker and Bobby Walker are brothers. There is evidence that Jack Walker orally agreed to sell Bobby Walker the west ½ of the tract in 1962 for $100. per acre; that the Bobby Walkers have paid $1076.12 on the purchase price and are willing and able to pay the balance; that the Bobby Walkers moved a house onto the west ½ in 1964, fixed it up, dug a well and made other valuable improvements on the property; that the Bobby Walkers had the west ½ of the 75 acre tract (38.04 acres) surveyed off from the east ½ of the tract; that the Bobby Walkers moved onto the place in 1964 and have lived there to the present time; that the Jack Walkers had actual knowledge of the foregoing as it was taking place and offered no objections until August or September of 1968. Jack Walker denied that he agreed to sell to his brother, but as appellants' brief states "there is no

question but that the evidence concerning the making of the oral agreement is very conflicting," and we think the evidence sufficient to sustain the jury's finding, and that such finding is not against the great weight and preponderance of the evidence.

All appellants' points and contentions are overruled. The judgment is correct.

Affirmed.