John L. McCRAY, Appellant,

v.

**PEOPLES NATIONAL BANK OF TYL-ER, Independent Executor of the Estate of A. O. Phillips, Deceased, Appellee.**

No. 5577.

Court of Civil Appeals of Texas, Waco.

Sept. 2, 1976.

Rehearing Denied Sept. 30, 1976.

Dean Carlton, Dallas, for appellant.

Hubert D. Johnson, Johnson & Cravens, Dallas, for appellee.

HALL, Justice.

The appellant brought this suit to require an assignment to him from the Estate of A. O. Phillips, Deceased, of a ⅟₁₆th overriding royalty interest in certain producing oil and gas leases now held by the Estate. He alleged that he acquired the leases for Phillips and the Estate and that he is entitled to the interest he seeks under the terms of his oral contracts of employment with them. He also pleaded for recovery on the theory of a constructive trust in his favor. Among other defenses, the Estate pleaded the provisions of the Texas Statute of Frauds.

Trial was to a jury which made these findings in answers to the only issues submitted to it: (1) Phillips and the appellant agreed that the appellant's compensation for his employment would include an assignment of a ⅟₁₆th overriding royalty interest in oil and gas leases acquired by Phillips through the appellant's efforts; (2) the assignment would be made upon completion of a producing well on a lease; (3) the Estate continued the appellant's employment on terms the same as those he made with Phillips; and (4) the leases in question were acquired by Phillips and the Estate through the appellant's efforts.

The record shows without dispute the agreements sued upon by the appellant are oral, as pleaded by him. The Estate moved for judgment notwithstanding the verdict on the ground the agreements are not enforceable because they violate the Statute of Frauds. The trial court granted the motion and rendered a take-nothing judgment against the appellant. We affirm this ruling.

The appellant is a consulting professional engineer and geologist. He began working for Mr. Phillips in 1953. He was at all times a regular, full-time employee. He testified, "Fundamentally, I supervised the drilling and completion and testing of wildcat wells. I was instrumental in leasing block areas of interest where we might pursue the acquiring of leases and drilling of wells and I supervised what production we obtained." The appellant would locate leases and arrange for their purchase, but they were actually purchased by Phillips in Phillips's name and paid for with his money. Others were also securing leases for Phillips. Phillips died in September, 1972, and the appellant simply continued with the same basic duties on behalf of the Estate through 1973. For these services, the appellant was paid a salary and all job-related expenses, and was furnished a car with its expenses paid for both business and private use. Additionally, if production resulted on a lease, Phillips would assign a ⅟₁₆th overriding royalty interest to the appellant. Losses resulting from the dealings in the leases were borne by Phillips. All but three of the leases in question were acquired while Phillips was living, but production did not begin on any of them until after his death. At all pertinent times the appellant's salary with Phillips, and then the Estate, ranged from $1,150.00 to $1,333.00 per month.

In its relevant parts, the Statute of Frauds (Section 26.01, V.T.C.A., Bus. & C.) provides that a promise or agreement to pay a commission for the sale or purchase of an oil or gas mining lease, or an oil or gas royalty, or minerals, or a mineral interest, is not enforceable unless the promise or agreement is in writing and signed by the person to be charged with it.

■ The assignments sought by the appellant are plainly compensation for services rendered by him toward purchase of mineral leases by Phillips. The oral agreements upon which they are based fall squarely within the Statute of Frauds and are unenforceable unless there are circumstances which exclude the operation of the Statute. *Great Western Drilling Company v. Simmons,* 157 Tex. 268, 302 S.W.2d 400, 404 (1957); *Cowan v. F.H.E. Oil Co.,* 169 S.W.2d 994, 995 (Tex.Civ.App.—Fort Worth, 1943, writ ref.); *Kesler v. Casebolt,* 278 S.W.2d 325, 326 (Tex.Civ.App.—Amarillo 1954, no writ hist.).

■ The appellant contends there are two reasons why the Statute is inapplicable. First, he says the Statute does not apply to an employer-employee relationship. He cites no authorities supporting this hypothesis and we have found none. The Statute does not expressly or impliedly exclude relationships of this nature from its operation. In *Great Western Drilling Company v. Simmons,* supra, the Supreme Court, although concerned with the rights of an independent contractor, expressed the thought that the Statute "would bar an action even of a mere employee where the contract of employment is oral." There is no compelling reason why it should not. We hold it does.

■ Secondly, the appellant contends he is entitled to recover under the pleaded theory of a constructive trust. The circumstances necessary for the imposition of a constructive trust are the breach of a confidential relationship by the fiduciary with resulting unjust enrichment of the fiduciary at the expense of the cestui que trust. *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex. Sup., 1963); *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401, 405 (1960). Without further detailing of the evidence, we hold it does not conclusively establish those facts. It shows an employer-employee relationship between parties engaged in relatively specialized work and the confidence ordinarily reposed in that relationship, but it does not conclusively establish that Phillips or the Estate were the appellant's fiduciaries. It infers the overriding royalty interests promised to the appellant were of the nature of bonus compensation, and it does not conclusively establish the services he rendered for Phillips and the Estate actually exceeded the value of his salary, expenses and car. It shows the reliance by one party upon the oral promise of another to perform a contract which the law makes unenforceable, and a breach of that promise, but these facts alone do not conclusively create a confidential relationship nor establish a constructive trust. *Consolidated Gas & Equipment Co. v. Thompson,* 405 S.W.2d 333, 336 (Tex.Sup., 1966); *Pennington v.*

*Bennett,* 436 S.W.2d 182, 183–184 (Tex.Civ. App.—Dallas 1968, writ ref., n. r. e.).

■ Because the appellant failed to seek and secure jury findings supporting his theory of a constructive trust, this ground of recovery has been waived. Rule 279, Vernon's Tex.Rules Civ.Proc.

■ Finally, the appellant claims the trial court erred when it excluded a part of his proof as being in violation of the dead man's statute. The appellant's bill of exception shows this proof relates solely to the substance of his oral agreement with Mr. Phillips. The jury's findings were favorable to the appellant on every element of the agreement pleaded by him. If there was error in the court's ruling, it was harmless.

The judgment is affirmed.