C. S. Farmer (on appeal only), Gene Maddin (on appeal only), Waco, for appellant.

Burney Walker, Criminal Dist. Atty., George R. Edwards, Asst. Criminal Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, six months in jail.

 Attack is here made upon the sufficiency of the jurat to the complaint. It reads as follows:

"Sworn to and subscribed before me, this 3rd day of September 1959.

"Burney Walker (typed)
"Criminal District Attorney, McLennan County, Texas
"G. R. Edwards (signed)

"Assistant Criminal District Attorney, McLennan County, Texas."

Reliance is had upon Aleman v. State, 162 Tex.Cr.R. 265, 284 S.W.2d 719; Stalcup v. State, 99 Tex.Cr.R. 415, 269 S.W. 1044; Anthony v. State, 90 Tex.Cr.R. 351, 235 S. W. 578; Goodman v. State, 85 Tex.Cr.R. 279, 212 S.W. 171; and Arbetter v. State, 79 Tex.Cr.R. 487, 186 S.W. 769. In each of these cases, the word "by" preceded the name of the assistant, and this Court held this constituted a certificate that the principal administered the oath by or through him as deputy, which was improper. Such is not the case at bar. When we treat the name of the principal as surplusage, then this complaint shows that it was sworn to before the assistant, G. R. Edwards.

There is no merit in the contention advanced in the brief that the judgment is void because no offense is shown. The judgment gives the style of the case on the left; on the right we find "Offense: Aggravated Assault," and it then recites that appellant plead guilty in the above cause and his punishment was assessed.

Finding no reversible error, the judgment of the trial court is affirmed.

---

**UNION PROPERTIES COMPANY,**
Appellant,

v.

**Edward J. KLEIN et al., Appellees.**

No. 3487.

Court of Civil Appeals of Texas.

Eastland.

March 11, 1960.

Rehearing Denied April 15, 1960.

&#9758;87

Delange, Hudspeth & Pitman, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Houston, for appellees.

COLLINGS, Justice.

This suit was brought by Union Properties Company, a private corporation, against Edward J. Klein and others, seeking a declaratory judgment that the defendants owned no easements or rights of ingress and egress over and across the south eight feet of lots 6 through 10, inclusive, block 19 of West Houston Addition to the City of Houston, and for judgment removing cloud upon plaintiff's title by reason of defendants' alleged claim thereof and for a permanent injunction enjoining defendants from trespassing upon such property. The defendants answered by way of general denial and alleged an easement over plaintiff's land by reason of a written agreement dated July 11, 1950, and, in the alternative, claimed an easement by estoppel. Defendants also filed a cross action against the plaintiff for damages and for an injunction. The case was tried before a jury which found in answer to special issues (1) that the instrument marked plaintiff's exhibit number 2 was never delivered by plaintiff to defendants; (2) that plaintiff and defendants intended that plaintiff's exhibit number 2 would not become effective to create an easement until said instrument was executed by N. J. Klein as attorney in fact for Martha Klein Lavin and husband, Ben Lavin, and as guardian for Shirley Jean Klein; (3) that plaintiff and defendants on or about July 11, 1950, agreed in substance that plaintiff would convey to defendants an easement across the south

eight feet of its property, that defendants would convey to plaintiff an easement over the north four feet of their property, that defendants would pay to plaintiff $750 and that plaintiff would construct a paved alley over said portions of the properties to be used for ingress and egress and loading and unloading; (4) that defendants acted in reliance upon said agreement in permitting the paving of the north four feet of their property and in paying plaintiff $750. The jury also found (5) that the alley way in question would be valueless to defendants for ingress and egress and loading and unloading if the right to use the south eight feet of plaintiff's property should be revoked. Based upon the evidence and the verdict, judgment was rendered for appellees establishing in them a permanent easement by estoppel over, across and upon the south eight feet of plaintiff's lots and decreeing plaintiff to have a permanent easement over and across the north four feet of defendants' lots; decreeing that defendants take nothing as to their cross action. Union Properties Company has appealed.

By stipulation of the parties it is established, subject to a determination of the existence of non-existence of the easement in question, that at all times relevant hereto, appellant Union Properties Company was and is the owner of lots 6 through 10 inclusive in block 19 of West Houston Addition to the City of Houston and that appellees are the owners of lots 13, 14, and 15 in said block and that the properties in question are adjacent with a common boundary line dividing them. The evidence shows that in June or July of 1950, Edward B. Klein and John Olson, who was vice president of appellant corporation and also a partner in the partnership of Olson Bros., entered into negotiations for the construction of a concrete alley way over a portion of appellant's lots and a portion of those owned by appellees. The negotiations cumulated in a written agreement between Olson Bros. and "Klein Associates" dated July 11, 1950, which provided in substance

that Olson Bros. would pave an alley on the rear of certain lots in block 19 for a consideration of $750. A. E. Olson, one of the partners in Olson Bros. and the president of appellant corporation, executed this agreement in behalf of Olson Bros. The described instrument was introduced in evidence as defendants' exhibit number 1. At the same time the instrument identified as defendants' exhibit number 1 was executed, another instrument was prepared and executed by A. E. Olson, as president of appellant corporation and by two of the appellees, Edward J. Klein and Ernest B. Klein. This latter instrument, referred to as plaintiff's exhibit number 2, by its terms would, if completed, have granted certain easements for an alleyway over and across the back of the property of both appellant and appellees, being, in effect, an exchange of easements, and providing that the Kleins should contribute $750 toward the paving of such alley.

The effect of the jury's findings in response to special issues numbers 1 and 2 was that the instrument designated as plaintiff's exhibit number 2, never became effective to convey an easement. Actually the evidence is undisputed that such instrument was never completed and never delivered. N. J. Klein who was guardian of the estate of Shirley Jean Klein, a minor, and who held power of attorney from Martha Klein Lavin and her husband, part owners of the Klein property, never joined in conveying any rights to appellant. A check for $750 payable to Olson Bros. was executed by N. J. Klein, as guardian, and delivered by Edward J. Klein to A. E. Olson at the same time Edward J. Klein executed defendants' exhibit number 1 and plaintiff's exhibit number 2. The check was endorsed over to appellant Union Properties Company and was received and cashed by appellant. Defendants' exhibit number 1 recites that the check was given as a contribution toward the payment for paving the alley way in question and set out certain requirements concerning the use of the alley.

Plaintiff's exhibit number 2, the instrument purporting to grant easements, was left with a bank to be held pending signature by N. J. Klein in his capacities as guardian and attorney in fact and A. E. Olson testified that he advised Edward Klein of this fact. Under the undisputed evidence, appellee N. J. Klein never executed such instrument in the capacities of guardian and attorney in fact and the instrument was eventually returned to appellant Union Properties Company. Edward Klein testified that he had no knowledge that the instrument was sent to the bank to be held pending the signature of his father, N. J. Klein. N. J. Klein testified that the instrument was never presented to him for signature; that he had no knowledge that the instrument had been prepared for his signature; and that he did not know he was supposed to sign it.

Upon receipt of the $750 by appellant the alley way was paved and the pavement included a 4 foot strip on the back of the Klein property. From that time up until the present, the alley way has been continuously used by the parties for ingress and egress and loading and unloading, although there has been some complaint by appellant concerning appellees' use of the alley.

The judgment is based upon answers to special issues numbers 3, 4 and 5, and the evidence, upon the theory of estoppel. Appellant contends that such findings are not material and will not support the judgment. Appellant says that the answers of the jury to special issues numbers 1 and 2 and the undisputed evidence show conclusively that the only agreement by appellant Union Properties Company to convey to the Kleins an easement for an alley way across the back 8 feet of appellant's lots was in connection with the instrument designated as plaintiff's exhibit number 2; that such instrument was never fully executed and delivered and that it was the intention of the parties that it would not be effective to create an easement until it was executed by N. J. Klein as guardian and as attorney in fact and was delivered to appellant. Appellant says that the unexecuted contract between the parties contemplated that in consideration of the granting of an easement by appellant over and across the back of its lots that appellees, the Kleins, would each execute and deliver to appellant the instrument granting an easement over the described strip across the back of appellees' lots; that the evidence shows conclusively that appellees never conveyed to appellant an easement across the back of their property, in that, N. J. Klein, as guardian and attorney in fact never executed the instrument of conveyance, and that appellees thereby failed to perform their part of the agreement, which was a material part of the consideration for the exchange of easements and a condition precedent to the granting of any easement by appellants.

■ We cannot agree with appellant's contention in this respect. An easement is an interest in land and as a general proposition is based upon a voluntary grant required to be in writing. One of the ways, however, in which an easement may be created is by estoppel. Under this method an agreement for the establishment of an easement may under proper circumstances be given effect even though it is not in writing accompanied by the formality usually required for the conveyance of an interest in land. Such is the basis upon which appellees seek to uphold this judgment. In support of a judgment appellees rely upon the holding in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, in which it is stated as follows:

"From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The mak-

ing by the vendee of valuable and permanent improvement upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced."

■■■ The following cases have held the rule announced in the Bridgewater case applicable to an oral agreement for the creation of an easement. Fort Quitman Land Co. v. Mier, Tex.Civ.App., 211 S.W. 2d 340 (Ref. N.R.E.); Carleton v. Dierks, Tex.Civ.App., 203 S.W.2d 552 (Ref. N. R.E.). It is stated that "Possession, payment of the purchase price in full or in part, and valuable improvements clearly would take the case out of the statute." Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076, 1078. Contrary to appellant's contention in point number 3 there is ample evidence showing that on July 11, 1950, the parties hereto agreed, orally and in writing, in effect, that appellant would convey an 8 foot easement across the back of its property and would pave the alley in question; that as consideration therefor appellees would pay $750 as a contribution to the paving and would convey a 4 foot easement strip across the back of their lots. The agreement contemplated that the easements would be used as an alley way for ingress and egress and loading and unloading by the owners of the property and by their tenants. The evidence shows that there was payment of consideration. It was conclusively shown that appellees at the time of the agreement paid the $750 contribution to the cost of the paving. This constituted a part payment of the consideration. It also constituted a contribution to a substantial and permanent improvement upon the alley way. The evidence conclusively shows that the agreement was acted upon in that the parties cooperated in improving the alley way by paving it, and then used it as an alley for several years prior to the institution of this suit. The agreement was thus performed by delivery of possession by both parties,

by use of the property for the purpose contemplated, and by payment of all consideration except that the instrument designated as plaintiff's exhibit number 2 purporting to convey each party an easement over the land of the other was never fully executed and delivered. The evidence supports the conclusion that this was the result of oversight or misunderstanding and the court has remedied the oversight by decreeing an easement by both of the parties hereto over the land of the other.

In the case of Dugan's Heirs v. Colville's Heirs, 8 Tex. 126, a vendee in a parol contract for sale of land went into possession, with the consent of the vendor and without objection from the vendor built houses on and cultivated the land as his own for several years. The court decreed a conveyance of title upon payment of the balance of the purchase price due. Appellant cites and relies upon Salas v. Salas, Tex.Civ.App., 229 S.W.2d 881 (Ref. N. R.E.), and Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505. Both of these cases are distinguishable on the facts from the instant case. In the Salas case the evidence did not show valuable and permanent improvements. In Robertson v. Melton there was neither possession nor improvements and that case simply holds that under such circumstances a tender of performance is not sufficient. The latter case cites with approval Clegg v. Brannan, supra, in which it is indicated that possession, valuable improvements and a payment of part of the consideration would take the case out of the statute.

Appellees relied upon the agreement and the belief that they were acquiring an easement over appellant's lots and permitted their land to be paved and used as a part of the alley way in accordance with the agreement. In compliance with and in reliance upon the agreement they paid and expended $750 for improving the alley. We overrule appellant's point number 4 urging that there was no evidence to support a finding to that effect. Contrary to ap-

pellant's contention, the evidence also shows that the alley way in question would be lost and valueless in the event appellant's easement is revoked.

The court properly exercised its equitable power by decreeing that appellees have a permanent easement by estoppel over, across, and upon the south 8 feet of appellant's lots and that appellant has a permanent easement over, across, and upon the north 4 feet of appellees' lots. Appellant's points numbers 1, 9, and 10 are overruled.

We also overrule appellant's point to the effect that the court erred in admitting in evidence defendants' exhibit number 1. This exhibit was a copy of an agreement set out in the form of a letter from "Olson Bros." signed by A. E. Olson to "Klein Associates, Attention: Mr. Edward J. Klein" and was shown to be approved and accepted by Edward J. Klein. The body of the letter was as follows:

"We will furnish all the material and labor and necessary engineering and pave the alley on the rear of lots 11, 12, 13, 14 and 15 in Block 19, West Houston Addition, per plat attached hereto, you to contribute $750.00 towards the payment of this paving. We will put in 6″ reinforced concrete alley with drain towards Morningside and this will be used for traffic to and from the alley with the express understanding however that the alley is not to be used for parking, either of passenger cars or trucks. Receipt is hereby acknowledged of the $750.00 by us."

A. E. Olson was not only a partner in the firm of Olson Bros. Contractors. He was also president of and a representative of appellant corporation, Union Properties Company. Edward J. Klein was representing appellees, the "Klein Associates" in the negotiation for the alley way easement in question. Defendants' exhibits 1, and 1–a, an accompanying plat showing the location of the alley way in relation to the

property, are admissible to show the agreement between the parties.

We have examined all points urged by appellant and find no reversible error. The judgment of the trial court is affirmed.