Carl B. HARRIS et al., Appellants,

v.

Travis E. RABE et al., Appellees.

No. 4198.

Court of Civil Appeals of Texas.

Waco.

Feb. 13, 1964.

Rehearing Denied March 5, 1964.

J. D. Dashiell, Buffalo, for appellants.

W. A. Keils, Jr., Teague, for appellees.

TIREY, Justice.

This is a suit in trespass to try title, non-jury. Defendants went to trial on their original answer and it contained: (1) A plea of not guilty and (2) A general denial. The court found in favor of defendants and decreed accordingly and plaintiffs have perfected their appeal to this court. We affirm the judgment of the trial court.

At the request of plaintiffs' attorney, the court filed findings of fact and conclusions of law. We quote the pertinent parts:

"FINDINGS OF FACT

"1.

"The land involved in this suit is a part of the W. C. Kelly Survey, Abstract No. 476, in Leon County, Texas, and is out of a tract of 90.8 acres of land, more or less.

"2.

"By deed of date August 14, 1956, V. E. Jowers, et ux, made a deed to Carl B. Harris, et ux, wherein they purported to convey to the said Carl B. Harris, et ux, the 90.8 acres of land. This deed is of record in volume 241, page 385, Deed Records of Leon County, Texas.

"3.

"Prior to the time that this convey-ance was made to Harris and wife, and during the time that the Jowers owned said land, and in about the year 1932, or soon thereafter, the said Jowers, the then owners of this 90.8 acre tract, granted and gave to Travis E. Rabe, one of the defendants in this cause, an easement and right over and across this 90.8 acre tract of land, which easement and right has been fixed, determined and located as described in the first amended original petition of the plaintiffs on file herein.

"4.

"At the time this easement was granted orally by the Jowers to the said Travis E. Rabe, the said Rabe was to keep said roadway in repair and was to build a fence along said roadway so that same would be fenced off and away from the 90.8 acre tract. After the granting of this said easement to the said defendant Rabe, he, the said Rabe, went into possession thereof, and made improvements on said road and used same from then on.

"5.

"In about the year 1953, Jowers and the defendant Rabe went before the Commissioner's Court of Leon County Texas, and requested this court to take over said road. After this date, said court began to work said road, build needed bridge or bridges therein, and keep same in proper condition for travel, and has continued to work said road and keep the bridge or bridges in repair up to this date.

"6.

"Prior to the time that Carl B. Harris and wife bought this land from the said Jowers, he, Carl B. Harris, and Mr. Jowers went to see Travis E. Rabe, and in the presence of Travis E. Rabe, and at this time, the said Jowers informed Carl B. Harris that he had granted this easement to the said Travis E. Rabe, and that such easement and land would not be conveyed by said deed to the said Carl B. Harris, et ux. At the time the said Carl B. Harris and wife took this deed to this land, they had been personally informed by Mr. Jowers that Travis E. Rabe owned this easement across this 90.8 acre tract of land, at the place it has been presently fixed.

"7.

"At the time that Carl B. Harris bought this 90.8 acres of land, more or less, the fence that the defendant Rabe had agreed to build had not been built; however, after the said Carl B. Harris bought this land, he reaffirmed said easement in the said Travis E. Rabe, and insisted that the said Travis E. Rabe build the fence that he had agreed to build, and the said Travis E. Rabe did build this fence in the year 1958, and said fence is now there and fences off this land and easement from the balance of said 90.8 acre tract of land. The said Travis E. Rabe has kept said fence up since he built it and has fulfilled his agreement in the keeping up and repairing of said road. The said defendant Rabe has complied with all the conditions and requirements made by the Jowers as a consideration for the giving and granting said easement to him."

We quote the pertinent part of the Conclusions of Law.

### "CONCLUSIONS OF LAW

"I find as a matter of law that the Jowers, having granted to Travis E. Rabe an easement across the 90.8 acre tract of land on condition that he work said roadway and keep it in condition for travel, and that he build a fence dividing this roadway from the 90.8 acres, and the said Travis E. Rabe, having spent his time and his money in doing these things, and is continuing to do same or having same done, that he, the said Travis E. Rabe, now has an easement across this 90.8 acre tract at the place indicated and described in plaintiffs' first amended original petition. This is an easement by estoppel, the said Travis E. Rabe having complied with all the requirements made, and the said Harris having bought with notice thereof, and having re-affirmed said grant."

At the request of plaintiffs, the court filed additional findings, and we quote the pertinent parts:

"1.

"That at the time plaintiffs acquired this property from V. G. Jowers, et ux, in 1956, there was no instrument filed of record in Leon County, Texas, that gave defendants an easement across the property in dispute herein.

"2.

"No minutes of the Commissioners' Court of Leon County, Texas, show that Travis E. Rabe or V. G. Jowers, either singly or jointly ever appeared before the said Court to request a roadway over the land in dispute herein.

"3.

"The court refuses all other requested findings of fact, either because they are contrary to the evidence as determined by the court, or not supported by the evidence or are not material, or call for legal conclusions, or are included in the findings heretofore filed."

The judgment is assailed by what appellants designate as ten points. Points 1, 2 and 3 are substantially to the effect that there is no evidence to support the judgment; that the evidence is insufficient to support the judgment, and that the judgment against plaintiffs is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule each of these assignments for reasons hereinafter briefly stated.

The plaintiffs brought the action for the purpose of testing their right of dominion over a strip of land over their east boundary line used by defendants as a roadway to reach the property of defendants situated south of the property owned by the plaintiffs. The evidence tendered shows that the plaintiffs were prevented by action on the part of the defendants from constructing a gate across the roadway. The defendants,

by their testimony, sought to prove and show a long and continued use of the property involved in this litigation as a roadway and tendered evidence to prove a parol gift of this property as a roadway by the plaintiffs' predecessors in title.

■ This cause is ruled by the pronouncement made by our Supreme Court in Harrison v. Boring, 44 Tex. 255 (1875), point page 267, wherein we find this pronouncement:

"The owner of land may create an easement by a parol agreement or representation which has been so acted on by others as to create an estoppel en pais. As 'where he has by parol agreement granted a right to such easement in his land, upon the faith of which the other party has expended moneys which will be lost and valueless if the right to enjoy such easement is revoked, equity has enjoined the owner of the first estate from preventing the use of it.'"

Our Supreme Court has not seen fit to modify or change the foregoing rule. See also Tex.Jur., 2d Edition, Vol. 21, page 148, "Easements by Estoppel", Sec. 23, and cases cited thereunder. See Oswald v. Grenet, 22 Tex. 94, and Chambers County v. Frost, Tex.Civ.App., 356 S.W.2d 470 (n. r. e.). See authorities cited beginning bottom page 477 to points 2 and 3 on page 479.

■ Because of plaintiffs' contention in points 1, 2 and 3, we have given a most careful consideration to the evidence tendered in this cause which consists of 185 pages, and it is our view that the evidence is ample to sustain each of the findings of the trial court. We are of the further view that they are not against the great weight and preponderance of the evidence under the application of the rule announced by our

Supreme Court. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. See also "No Evidence" and "Insufficient Evidence", 30 Tex.Law Review, 803. The general rule is that the judgment of a trial court will not be set aside if there is any evidence of probative nature to support it, and that a Court of Civil Appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record of probative value to sustain the trial court's findings. See Wilson v. Teague Independent School District, Tex.Civ.App., 251 S.W.2d 263, writ ref., points (1, 2) page 267, and cases there cited. Also cases under Appeal and Error, ☞1001. As we understand our Supreme Court in the King case, supra, the foregoing rule is relaxed if the Court of Civil Appeals determines under all the evidence and the record as a whole that the judgment of the trial court is so against the great weight and preponderance of the evidence as to be manifestly and clearly wrong and unjust. Perhaps we should repeat that it is our view that every finding made by the trial court has ample support in the statement of facts. In view of the length of the statement of facts, we cannot quote all the testimony tendered in this cause, nor do we think it would be of any precedential value to do so, but we have given it our most careful attention, and have come to the conclusions herein stated.

Going back to the doctrine adhered to by our courts as to the creation of an easement by parol, see Union Properties Company v. Klein, Tex.Civ.App., 333 S.W.2d 864, n. r. e., and authorities there collated.

We have considered each of the other points, and each is overruled.

Because of the views heretofore expressed, the judgment of the trial court is affirmed.