Jack JOHNSON, Appellant,

v.

Oran BACK, Appellee.

No. 7349.

Court of Civil Appeals of Texas.

Amarillo.

April 27, 1964.

**724**

Lemon, Close & Atkinson, Perryton, for appellant.

Gallaway & Dunning, Borger, for appellee.

CHAPMAN, Justice.

This is an appeal by Jack Johnson from a judgment for Oran Back rendered by the court sitting without a jury. The suit was filed by Jack Johnson in the nature of a trespass to try title for title and possession of the surface only of a section of land in Hutchinson County designated in the record as Section 20.

Title to all of the oil and gas or other minerals, together with the right of ingress and egress for the purpose of developing and extracting such minerals and the right to use such part of the surface as might be necessary or convenient in the development and extraction thereof was reserved by the grantor, D. D. Herrington, when the section was conveyed to appellant.

Appellant admits in his brief that appellee had the consent of Herrington, the mineral owner, " * * * to construct the compressor stations and facilities involved here." The record shows they were first constructed by appellee as a contract operator for the oil and gas lessees, compressing and transporting Casinghead gas produced under the terms of the oil and gas leases created by Herrington on Section 20. No consideration was paid by appellee to appellant when the compressor station was initially installed in 1954, no crop damage was incurred and no request for payment was made by appellant.

The Casinghead gas volume from Section 20 dropped in 1955 to the extent that it was not economically feasible to continue the compression of gas from that one unit, so appellee made arrangements to compress Casinghead gas from wells on the section of land just south of Section 20. A pipeline bringing it to the compressor station was constructed and it was then discharged through an existing pipeline. An engineering plat had been made to show the most economical place to lay the pipeline but it was changed some to satisfy Mr. Johnson and he was paid $75 consideration. Appellee continued to use the "foreign gas" for four or five years before this suit was filed and testified appellant made no complaint about it until 1960 and made no demand for removal of the six inch line.

In 1960, because of more efficient methods of gathering it, increases in Casinghead gas production necessitated the increase of the facilities from one stage to two stage compressors. There is testimony showing this would have been required even without the "foreign gas", which the evidence shows was used only as filler gas in order to bring the compressors up to load. The larger installation required a little more land to a total of about four-tenths of an acre.

The trespass to try title suit was filed on February 24, 1961. An attempt to negotiate a settlement of the differences was made by the lawyers representing both parties. These negotiations resulted in a settlement proposal being submitted by appellee's counsel to appellant's counsel. The latter revised the proposal and it was accepted by counsel for appellee, who advised appellant's counsel it would be necessary for Back to make a substantial expenditure on the premises about October 1, 1961.

Subsequently, appellant's counsel advised appellee's counsel the settlement agreement had been executed by appellant's wife and that appellee could go ahead and install the new facilities, subject only to reviewing the limits of the area shown on the plat attached to the settlement agreement. After the expenditure of more than $30,000·

had been made for the new facilities, a meeting was held by the parties and the counsel at the site of the improvements. Appellant still had not signed the agreement and at this time made a new proposal requiring an annual rental for the use of the land involved in the dispute. Appellee refused.

After hearing all the evidence the court rendered a judgment quieting title to the surface of the section of land subject to an easement in favor of appellee " * * * for maintenance, construction, reconstruction and operation of a compressor station and appurtenant facilities thereon, together with the right of uninterrupted ingress and egress thereto and the right to lay, re-lay, install, maintain and operate pipelines, together with such drips, meters and other appurtenant facilities as may be necessary or convenient to the operation and maintenance of such compressor station and its appurtenant facilities, upon payment by Defendant of the sum of One Thousand Dollars ($1,000.00) into the registry of this Court."

The court also found in his judgment that Mr. Johnson through his attorney and agent agreed that Mr. Back could proceed to make the valuable improvements upon an agreed consideration in settlement of $1,000; that he made such improvements in reliance thereon; that by reason thereof the statute of frauds is not applicable; and that additionally such facts constitute an accord and satisfaction. It is from such judgment appeal is perfected upon three points, the first two of which contend there was no evidence, or alternatively, insufficient evidence of an accord and satisfaction.

■ We have read the statement of facts very carefully and have concluded there is sufficient evidence that Mr. Lemon as attorney for Mr. Johnson was acting as his agent in the negotiations and that there is sufficient evidence to show a meeting of the minds between the respective attorneys acting as agents for their clients. There is testimony that Mr. Lemon told appellee's counsel, Mr. Dunning, to go ahead with the new facilities. Mr. Dunning as a witness said: "I told him [Mr. Lemon] that we must install these facilities, or go elsewhere.[1] Mr. Lemon told me to go ahead."

■ Any person competent to contract may be a party to an accord and satisfaction. Texas & Pacific Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591.

■ The mere retainer of an attorney at law confers on such attorney no authority to bind his client by an agreement of accord and satisfaction, American Jurisprudence, Accord and Satisfaction, Section 12, Page 219, Volume 1, but here the attorney had taken an active part in the negotiations even to the extent of going to the grounds upon which the facilities were based and examining them. We believe the evidence is sufficient when examined as a whole for the trial court to find Mr. Lemon was acting as the authorized agent of Mr. Johnson.

In his third and last point appellant contends the court erred in failing to enter judgment for appellant after correctly determining the verbal easement claimed was subject to the statute of frauds.

The point as worded appears to us to be contrary to the specific finding made in the court's judgment to the effect that: " * * Defendant entered upon the premises and made valuable improvements in reliance upon such agreement; that by reason of the foregoing, the Defendant's claim to an easement upon said land is not subject to the statute of frauds and no writing is necessary to establish the rights of Defendant to an easement * * *"

■ One of the means through which an easement may be created is estoppel.

[1]. They had been negotiating with another party for land on which to place such facilities.

21 T.J.2d, Section 23, Page 148 and cases there cited.

■ Evidence of title by estoppel in a trespass to try title suit is admissible under a plea of "not guilty." McBride v. Hutson, Tex.Civ.App., 302 S.W.2d 456 (reversed on other grounds). Rule 789 Vernon's Ann.Texas Rules provides: "Under such plea of 'not guilty' the defendant may give in evidence any lawful defense to the action except the defense of limitations * * *."

■ Our Supreme Court in Harrison v. Boring, 44 Texas Reports, 255, 267 has held:

"The owner of land may create an easement by a parol agreement or representation which has been so acted on by others as to create an estoppel en pais. As 'where he has by parol agreement granted a right to such easement in his land, upon the faith of which the other party has expended moneys which will be lost and valueless if the right to enjoy such easement is revoked, equity has enjoined the owner of the first estate from preventing the use of it.' "

We believe under the facts of our case such equitable doctrine would apply and that an easement by estoppel is shown.

■ No request was made for findings of fact or conclusions of law. In the absence of such request it must be assumed that the trial court's findings support its judgment and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74; Old Nat. Life Ins. Co. v. Guest, Tex.Civ.App., 163 S.W.2d 241 (writ refused); Bostwick v. Bucklin, Tex.Civ.App., 190 S.W.2d 814, affirmed 144 Tex. 375, 190 S.W.2d 818.

■ There is still another reason we believe the court's judgment must be af-

firmed. The right of ingress and egress for the purpose of developing and extracting such minerals and the right to use such part of the surface as might be necessary or convenient in the development and extraction thereof was reserved by appellant's grantor, D. D. Herrington when the section was conveyed to him. Appellant admits in his brief that appellee had the consent of Herrington, the mineral owner, to construct the compressor stations and facilities involved. There is probative testimony showing enlarged facilities would have been required even without the "foreign gas." If the enlarged facilities were necessary to compress the Casinghead gas on Section 20, we do not believe appellant's claim in trespass to try title was good. Accordingly, the judgment of the trial court is affirmed.