MOORE COUNTY, Texas, Appellant,

v.

Bill BERGNER, Individually and as Representative of the Estate of John C. Bergner, Deceased, Appellee.

No. 8527.

Court of Civil Appeals of Texas, Amarillo.

Aug. 11, 1975.

Lovell, Lyle, Cobb & Renfer, Dumas (Thomas C. Moore), Dumas, for appellant.

Whittenburg Law Firm, Amarillo (George Whittenburg), Amarillo, for appellee.

ELLIS, Chief Justice.

Plaintiff, Moore County, Texas, brought suit to enjoin defendant, Bill Bergner, individually and as representative of the Estate of John C. Bergner, deceased, from obstructing a public roadway and easement claimed by plaintiff-appellant across defendant-appellee's land in Hutchinson County, Texas. No issue has been made of the right of Moore County to maintain the action.

After a jury trial both parties moved for judgment upon the verdict. The trial court granted the defendant's motion and rendered judgment decreeing that plaintiff-appellant take nothing by its suit. Affirmed.

Appellant claims the existence of an easement by estoppel in pais, based upon the alleged oral representations of John C. Bergner, deceased, and upon the alleged detrimental reliance thereon by appellant. The claimed easement allowed a public roadway to join an existing road in Moore County, Texas, with other roads in Hutchinson County, Texas to provide public access to an area of Lake Meredith known as Blue East. Appellant asserts that it relied upon oral representations made by John C. Bergner generally to acquire a means of public access to Lake Meredith and specifically to acquire two other express easements for the purpose of completing the roadway to Lake Meredith.

In substance, the jury, answering six special issues, found: (1) John C. Bergner represented to the Moore County Commissioners Court that he would allow the public the permanent use of the roadway in question across his land to connect with the express easements which were to be obtained in Moore County; (2) appellant believed and relied upon the representations of John C. Bergner; (3) but for such belief and reliance, appellant would not have obtained the express easements in Moore County; (4) appellant spent money in reliance upon such representations; (5) the money spent by appellant will not be lost and valueless if the road across the Bergner land is closed; (6) after the express easements in Moore County were obtained, John C. Bergner allowed the public to use the road across the Bergner land.

On appeal appellant complains of the action of the trial court in: (1) failing to disregard as immaterial the jury's response to Special Issue No. 5, since the elements of appellant's cause of action were established by the jury's response to Special Issues Nos. 1 through 4; (2) overruling appellant's motion for judgment upon the verdict; (3) granting appellee's motion for judgment upon the verdict.

Initially, we shall consider appellee's contention that appellant has failed to properly preserve any error for appeal in its motion for new trial. Appellee urges that assignments of error in a motion for new trial must specify the particular objection to action of the trial court. In his brief appellee asserts that appellant has failed to preserve error properly ". . . if a motion for new trial is a prerequisite for this appeal. . . ." We find that under Rule 324, Texas Rules of Civil Procedure, ". . . neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court . . . in overruling a *motion for judgment on the verdict made by the party who becomes appellant*; . . . ." (emphasis added). Proper construction of this rule reveals that in cases where a motion for new trial is not required, as in the instant case, all errors complained of on appeal must be based upon the same grounds that were stated in support for the motion for judgment on the verdict, which were overruled by the trial court. We recognize that error not grounded in the overruled motion for judgment on the verdict must be asserted in a motion for new trial as assignments of error. *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960). However, under Rule 324 the inclusion of the assignments in the motion for new trial is not necessary since the errors asserted here were properly preserved in appellant's prejudgment predicate, its motion for judgment on the verdict.

The appellee urges that appellant's second and third points of error fail to meet the requirements of specificity of Rule 418, T.R.C.P., in that they are too broad to be meaningful since these points complain of the trial court's overruling of appellant's motion for judgment on the verdict and its granting appellee's motion for judgment on the verdict. In support of this contention appellee cites *Bookout v. Pugh*, 513 S.W.2d 281 (Tex.Civ.App.—Corpus Christi 1974, no writ). We recognize that *Bookout* holds that the contents of appellate briefs must

be sufficiently specific to direct the reviewing court's attention to the error relied upon, but the facts in the instant case can be distinguished from the facts in the *Bookout* case. In that case the averments contained in the plaintiff's motion for judgment on the verdict were general averments of liability, that certain evidence was undisputed and that the court should enter judgment for the plaintiff. The motion was expressly overruled, and on appeal plaintiff complained only in general terms that " 'the trial court erred in overruling plaintiff's motion for judgment.' " The opinion specifically set out that the point was insufficient to direct the court's attention "to any particular reason why judgment should have been rendered for plaintiff."

In the instant case appellant, in its motion for judgment, enumerated the grounds on which it relied, i. e., its contention that the answer to Special Issue No. 5 should be disregarded as immaterial and that the remaining answers to special issues were sufficient to support judgment for the appellant. The points asserted call the court's attention to the questions raised and discussed in appellant's brief. If we can determine from the points of error, the statements, and the arguments the complaints presented by appellant's brief, then we will liberally construe the briefing rules to pass on the merits of the case. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943); *Charlie Thomas Crtsy. Ford, Inc. v. Sid Murray Agcy.*, 517 S.W.2d 869 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). It is therefore our opinion that appellant's second and third points of error, together with the brief submitted, are sufficient to justify our consideration under Rule 418.

In view of the foregoing, appellee's contentions to the effect that appellant has waived its points of error, either as a result of failure to assign error in its motion for new trial, or to comply with Rule 418, T.R. C.P., are overruled.

The appellant contends in its first point that the trial court erred in failing to disregard the jury's response to Special Issue No. 5 as being immaterial and urged that the elements of its cause of action were established. in the jury's answers to Special Issues Nos. 1–4. A review of the record reveals that the appellant made no objection to the submission of Special Issue No. 5.

The appellee contends that the judgment rendered in his favor is supported by the jury's response to Special Issue No. 5 and that by reason of such answers the appellant has failed to establish by a preponderance of the evidence *detrimental reliance*, a vital element of its cause of action. The appellee insists that the appellant's case was tried, submitted and argued on the theory that the money it spent would be lost and of no value if the roadway in question were closed. Appellee further points out that Special Issue No. 5 was the only issue in this case inquiring specifically whether and to what degree the reliance by the appellant was detrimental, and that the jury found against the appellant.

At the outset appellant must confront the Statute of Frauds and the Statute of Conveyances, the substance of which has remained in force since the days of the Republic of Texas. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196 (Tex.1962). As an exception to the writing requirement, appellant urges that appellee is estopped to deny the existence of the easement that grew out of the oral representations of John C. Bergner and appellant's reliance thereon. Unless appellant can bring its case within the single exception urged, it cannot prevail to create by parol the interest in the land that it claims.

The question of detrimental reliance was considered by the Texas Supreme Court as early as 1875 in *Harrison v. Boring & Kennard,* 44 Tex. 255. In that case the plaintiff claimed an easement which the defendant contended would be in violation of the Statute of Frauds or the Statute of Conveyances since the interest claimed was based on oral representations and reliance thereon. The Supreme Court recognized the general rule that an easement is an interest in land which must be granted in writing, but that upon equitable grounds an oral representation detrimentally relied upon by the claimant may create an easement by estoppel in pais. The rule was announced in *Harrison* and remains unchanged, since the Supreme Court said: ". . . '[W]here [one] has by parol agreement granted a right to such easement in his land, upon the faith of which the other party has expended moneys which will be *lost and valueless* if the right to enjoy such easement is revoked, equity has enjoined the owner of the first estate from preventing the use of it.'" Id. at 267–268. (emphasis added). The Supreme Court in *Drye,* cited *Harrison v. Boring* with approval and expressed its reluctance to extend the doctrine of estoppel in pais. Also, the requirement of detrimental reliance was an element of the definition of estoppel in pais set forth by the court in *Drye.* In *Harris v. Rabe,* 375 S.W.2d 919 (Tex.Civ.App.—Waco 1964, no writ), the Court of Civil Appeals first quoted the above language from *Harrison v. Boring,* then recognized: "Our Supreme Court has not seen fit to modify or change the foregoing rule." Id. at 922.

The rule set forth in *Harrison v. Boring* with respect to detrimental reliance has been reaffirmed in various cases either by direct reference to *Harrison* or by language indicating that under the facts some sort of unrecovered expenditure was made by the claimant, i. e., that the very essence of detriment is loss without recoupment. *Bickler v. Bickler,* 391 S.W.2d 106 (Tex.Civ. App.—Austin 1965), aff'd in part, rev'd in part on other grounds, 403 S.W.2d 354 (1966); *Union Properties Company v. Klein,* 333 S.W.2d 864 (Tex.Civ.App.—Eastland 1960, writ ref'd n.r.e.); *Johnson v. Back,* 378 S.W.2d 723 (Tex.Civ.App.—Amarillo 1964, no writ); *Harris v. Rabe,* supra; *Bowington v. Williams,* 166 S.W. 719 (Tex.Civ. App.—El Paso 1914, no writ). See also

*North Clear Lake Development Corp. v. Blackstock,* 450 S.W.2d 678 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.); *Anderson v. Tall Timbers Corporation,* 378 S.W.2d 16 (Tex.1964); 4 Lange Tex. Land Titles § 377, at 149 (1961). In none of the cases cited does the court indicate an abandonment of the requirement of loss or detriment that must be sustained by the claimant, or a modification of the elements of estoppel in pais as set forth in *Harrison v. Boring.* Further, these authorities demonstrate an adherence to the long established rule that the doctrine of estoppel in pais should be strictly applied when relied upon as an exception to the requirement that an easement must be created by a writing.

■ Appellant cites *Carleton v. Dierks,* 203 S.W.2d 552 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.); *Johnson v. Back,* supra. *Doss v. Blackstock,* 466 S.W.2d 59 (Tex.Civ.App.—Austin 1971, writ ref'd n.r.e.); *Drye v. Eagle Rock Ranch, Inc.,* supra, in support of its contention that the jury's answer to Special Issue No. 5 is unnecessary to establish detrimental reliance. In *Carleton* the court once again quoted the language of *Harrison v. Boring* and made no indication that the requirement of detrimental reliance had been abandoned. Appellant urges that because in *Carleton* the defendant tendered to the registry of the trial court "the amount of money as may be legally determined to be due and owing to the plaintiffs for the expenditures that the plaintiffs have been put to on reliance upon the oral agreement," and an easement by estoppel in pais was yet found to exist, the rule announced in *Harrison v. Boring* has been abandoned or modified, 203 S.W.2d, at 554. We disagree. The tender made by the defendant in *Carleton* was by trial amendment offered after the close of the plaintiffs' case and near the end of the defendant's evidence. The tender by trial amendment was denied as untimely offered. The defendant, upon appeal, made no complaint of the refusal to permit the trial amendment. Thus, the expenditure made by the plaintiffs in *Carleton* remained as moneys lost and valueless, since recoupment was not an issue.

The court in *Johnson* quoted from *Harrison v. Boring.* The one claiming an easement by estoppel in *Johnson* had expended more than $30,000 on improvements in reliance upon the oral representations made by the landowner. In that case the evidence showed that a revocation of the easement claimed would render the improvements valueless; thus, the claimant would suffer a detriment. The court in *Doss* held that detrimental reliance may be by an expenditure other than upon the servient estate. *Doss* represents no attempt to modify the requirement of detrimental reliance. We have previously discussed *Drye* and the reluctance of the Supreme Court to extend the doctrine of estoppel in pais to create an easement by parol.

■ Appellant asserts no deficiency of evidence to support the jury's response to Special Issue No. 5. Appellant contends only that the trial court should have disregarded the jury's response to Special Issue No. 5 as being immaterial and inconsequential. The rule in Texas, recognized since 1875, is that detrimental reliance is a vital element of estoppel in pais. Since appellant did not secure a finding of loss or detriment, it failed to meet its burden of proof with respect to that element of its cause of action. Appellant's points of error are overruled.

■ Since we have held that appellant failed to establish detrimental reliance, an essential element of the cause of action in this case, we do not reach the appellee's various challenges to the evidentiary support for the jury's responses to Special Issues Nos. 1 and 2 regarding Bergner's representations and appellant's reliance thereon. However, in the event it should be determined that our passing on such questions regarding the legal and factual sufficiency of the evidence on these matters is necessary and proper, it is our opinion and we would so hold that the record establishes

that there is evidence of probative force to raise questions of fact and that such evidence is sufficient to support the jury's responses to Special Issues Nos. 1 and 2. *In Re King's Estate*, 150 Tex. 622, 244 S.W.2d 660 (1952).

For the reasons above stated the judgment of the trial court is affirmed.