NO. 07-02-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 8, 2003



______________________________




JOSE DEMETRO ARAUSA JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A14185-0109; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Upon his plea of guilty, appellant Jose Demetro Arausa Jr. was convicted of the
offense of aggravated robbery and assessed a seven-year probated penal sentence and
a fine of $1,000, with 180 days of the sentence to be served in the Hale County Jail. 
Appellant gave timely notice of appeal from the conviction.

 However, other than the preparation and filing of a clerk's and reporter's record, no
further action was taken towards pursuing the appeal. That state of affairs led us to abate
and remand the case to the trial court for the purpose of determining why the appeal had
not been properly pursued and if appellant still desired to appeal his conviction.

 In compliance with this court's direction, on December 19, 2002, the trial court held
a hearing to determine those matters. Appellant was present at the hearing. At the
completion of the hearing, the trial court made findings of fact and conclusions of law in
which it found that although appellant was indigent, he did not desire the appointment of
an attorney or to prosecute an appeal in this case and he wished the appeal to be
dismissed. The trial court also found that it had not granted appellant permission to appeal
his conviction after his guilty plea.

 Accordingly, this appeal is hereby dismissed. Because the appeal is dismissed as
a result of appellant's request, no motion for rehearing will be entertained and our mandate
will issue forthwith.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



ations which included a
"concession" by counsel). Moreover, and as quoted above, Upchurch and Barfield
themselves described opposing counsel's conduct as a "concession." Thus, it had to
comport with Rule 11 to be valid. Because it did not, it was and remains unenforceable. 
We are not unmindful of the age of this case. But, that does not authorize us to ignore
Rule 11. Simply put, this court did not misapply Rule 11 via a "complete misconstruction
of what occurred." Thus, we overrule the motion for rehearing.

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2006). 
2. Whether Mr. John Lesly, trial attorney for the appellants, had the authority to unilaterally concede the
bona fides of the summary judgment motion of Upchurch and Barfield and accede to the entry of judgment
against his clients is a question reserved for another day and another forum. Yet, we do note that such
authority is neither inherent in nor implied from the mere existence of an attorney/client relationship.
Southwestern Bell Tel. Co. v. Vidrine, 610 S.W.2d 803, 805 (Tex. Civ. App.-Houston [1st Dist.] 1980, writ ref'd
n.r.e); Johnson v. Back, 378 S.W.2d 723, 725 (Tex. Civ. App.Amarillo 1964, no writ).