

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00133-CV

JOHN B. GORDON AND RUTH A. GORDON, APPELLANTS

V.

JASON DEMMON AND JUTTA DEMMON, APPELLEES

On Appeal from the 169th District Court
Bell County, Texas
Trial Court No. 249,484-C, Honorable Gordon G. Adams, Presiding

April 23, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellants John B. Gordon and wife Ruth A. Gordon sued appellees Jason Demmon and wife Jutta Demmon to establish an easement allowing access to their landlocked property. They pled entitlement to an easement under various theories, including necessity. Mona Marie Counts and Joy Dale Nugent intervened in the suit seeking similar relief.[1] After a bench trial, the court declared two easements by necessity

---

[1] Evidence showed Counts and Nugent owned a tract of land north of the Gordons.

in favor of the Gordons and an easement by necessity in favor of Counts and Nugent. Dissatisfied with the extent of the relief granted, the Gordons appeal. Counts and Nugent did not join the appeal. The Demmons present a cross-point on appeal. We will overrule the Gordons' issues and the Demmons' cross-point and affirm the judgment of the trial court.

## Background

During 1969 the Gordons contracted with William L. Bremser and his wife, Marleen L. Bremser, to buy an irregularly-shaped, 6.02-acre tract severed from the Bremser's larger tract. The Gordons satisfied the contract terms and title was conveyed to them by warranty deed in 1971. It is undisputed that the land the Gordons purchased is surrounded by land owned by others and does not abut a public road.

From the time of their purchase, the Gordons used two routes to access their property. On the south and west side of their tract is a gravel road known as "South Road." Along the north side of the property is a way known as "Schrader Road." The center twenty-foot strip of Schrader Road is paved with what was described at trial as chip seal or old asphalt.

In 2003, the Demmons acquired the tracts that contain Schrader Road and the South Road adjacent the Gordons' property. According to the Gordons, thereafter the Demmons began obstructing the Gordons' means of access from Schrader Road and the South Road by locking a gate on Schrader Road. In 2011, the Gordons filed suit to establish easements over Schrader Road and the South Road.

2

Throughout trial the parties disputed the Gordons' request for two access routes to their land. According to the Gordons' testimony, the topography of the property is complicated by a canyon or ravine[2] running across its center, making Schrader Road the only means of access to the northern part and the South Road the only access on the south. Mr. Gordon testified it would be "very difficult" to get to the south side of the property without driving on the South Road, and said a forty-foot-deep "culvert - - gulch" made it "very impassible by vehicle" to go from the south side of the property to the north side. Mr. Demmon disputed the limited access the Gordons claimed, telling the court that from a point inside a gate on Schrader Road the Gordons could drive "anywhere on [their] property except for the ravine itself."

The court's judgment granted the Gordons easements by necessity along both roads. The judgment limited both easements "to that portion of the described property reasonably required to permit the holder to accomplish the purpose of the easement, which is ingress and egress" to the Gordons' property. The easements were "no wider than reasonably necessary to afford" the Gordons "ingress and egress to their" property. On the Demmons' motion, the court granted a partial new trial solely to determine the scope and location of the easements it declared.

At the partial new trial, Mr. Gordon testified at length of his future plans to develop his tract into a subdivision with private residences and recreational facilities such as tennis and volleyball courts, a picnic pavilion, a zip-line, and nature trails. Based on his claims that accessibility to parts of the tract was limited, he reiterated the necessity of a sixty-

---

[2] The feature also sometimes was referred to as a gulch and a gully.

foot easement along Schrader Road and along South Road. Otherwise, he maintained, portions of his property would be inaccessible, costing him potential homesites.

Mr. Gordon and Mr. Demmon disagreed over the feasibility of the Gordons' development plan.[3] According to Mr. Demmon, the "back half," or about two and one-half acres of the Gordons' land, is a flood zone which is not "buildable." The court also heard conflicting evidence regarding the need for use of the Demmons' property for ingress and egress by heavy equipment and truck traffic during the Gordons' possible future construction.

The judgment which followed granted the Gordons an easement by necessity for the general purpose of ingress and egress covering Schrader Road "plus an additional 30 foot wide easement to access" the Gordons' property.[4] A second easement was granted along the South Road. Findings of fact and conclusions of law, following the new trial and final judgment, were neither requested nor filed.

**Jurisdiction**

On our own motion, we notified the parties of our concern that the Gordons' notice of appeal appeared untimely filed. We requested letter briefing and the parties complied.

The Gordons filed suit in 2011 with trial settings during November 2013 and June 2014. On August 15, 2014, the court signed an instrument entitled "memorandum ruling."

---

[3] Mr. Gordon also testified that his property had been annexed by the City of Killeen. The impact of annexation on the issues before the court is not clear from the record.

[4] The easements are further described by surveyor's field notes appended to the judgment. We have no need to attempt a further description of their parameters.

4

On November 12, 2015, the trial court signed an instrument entitled "final judgment." The Demmons filed a motion for new trial on December 11, 2015, and the court heard the motion on January 22, 2016. By order signed on February 2, 2016, the court granted a partial new trial "solely with respect to the scope and location of the easement." The trial court conducted a partial new trial on October 3, 2016, and on October 31, 2016, signed an instrument entitled "memorandum ruling."

On January 9, 2017, the trial court signed a "final judgment." The Gordons filed a motion for new trial on February 8, 2017, which was denied after a March 10 hearing. The Gordons filed notice of appeal on March 24, 2017.

In their letter brief, the Gordons argued the February 2016 order granting a partial new trial was signed more than seventy-five days after the November 2015 final judgment and was therefore a nullity because the trial court no longer had plenary jurisdiction to grant a new trial.

We disagree that the trial court acted outside its plenary power by granting the partial new trial. The Gordons are correct that a timely filed motion for new trial is considered overruled by operation of law if not determined by written order signed within seventy-five days after the judgment was signed. TEX. R. CIV. P. 329b(c). But Rule 329b(e) invests a trial court with plenary power to grant a new trial for thirty days following the date a motion for new trial is overruled by operation of law. TEX. R. CIV. P. 329b(e). The Gordons' motion for new trial was overruled by operation of law on January 26, 2016, but when the trial court ordered a partial new trial on February 2, it acted within its plenary jurisdiction. *See Coinmach, Inc. v. Aspenwood Apt. Corp.,* 98 S.W.3d 377, 378 & n.1

5

(Tex. App.—Houston [1st Dist.] 2003, no pet.) (motion for new trial was overruled by operation of law but during the following 30-day period of plenary power trial court granted motion for new trial).

The Gordons' letter brief also addressed the potential impact on the appellate timetable of the trial court's October 31, 2016 memorandum ruling. Their argument is to the effect that the signing of the memorandum ruling did not, together with the November 2015 judgment, complete a final judgment and thus begin the appellate timetable because that was not the intention of the parties and the trial court. Although it appears from the Demmons' letter brief they do not disagree with the Gordons on this point, we will address the issue briefly.

"[A] final judgment may consist of several orders that cumulatively dispose of all parties and issues." *Onyung v. Onyung,* No. 01-10-00519-CV, 2013 Tex. App. LEXIS 9190, at *25-26 (Tex. App.—Houston [1st Dist.] July 25, 2013, pet. denied) (mem. op.) (quoting *Noorian v. McCandless,* 37 S.W.3d 170, 173 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). The documents being discussed were signed by the trial court after a conventional trial on the merits. Under those circumstances, "the court's intent matters if there is a dispute about whether the judgment is final." *In re B.W.S.,* No. 05-15-01207-CV, 2016 Tex. App. LEXIS 12575, at *5 (Tex. App.—Dallas Nov. 28, 2016, no pet.) (mem. op.) (citing *Vaughn v. Drennon,* 324 S.W.3d 560, 561, 563 (Tex. 2010) (per curiam)). We determine the trial court's intent as "gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Drennon,* 324 S.W.3d at 563 (quoting *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 203 (Tex. 2001)).

Having now considered the record as a whole, and considering the language of the trial court's memorandum rulings and its subsequent instruments entitled "final judgment," together with the parties' conduct, we are satisfied the trial court did not intend final resolution of the case until it signed the January 9, 2017 final judgment. The Gordons' timely-filed motion for new trial extended the appellate timetable, making their notice of appeal filed March 24 timely. TEX. R. APP. P. 26.1(a)(1). Our appellate jurisdiction properly has been invoked. We proceed to the merits of the appeal.

**Easement by Necessity**

By their first issue, the Gordons argue the trial court erred by limiting the width of their necessity easement over Schrader Road to less than sixty feet. Their issue asserts no evidence, or factually insufficient evidence, supports such a limitation.

An easement confers on one person the right to use the land of another for a specific purpose. *Hubert v. Davis,* 170 S.W.3d 706, 710 (Tex. App.—Tyler 2005, no pet.). An easement is a "liberty, privilege or advantage in land without profit, existing distinct from the ownership of the soil." *Miller v. Babb,* 263 S.W. 253, 254 (Tex. Comm'n App. 1924, judgm't adopted). It is a burden on one estate, the servient estate, for the benefit of another, the dominant estate. *Id.*

When a grantor conveys a tract of land that is surrounded by the grantor's land, or by his and that of third persons, and to which the grantee can only have access to or egress from through lands other than that conveyed, the grantee has a right of way by necessity over the remaining lands of the grantor. *Bains v. Parker,* 143 Tex. 57, 182 S.W.2d 397, 399 (1944) (citations omitted). "To successfully assert [an easement by

7

necessity], the party claiming the easement must demonstrate: (1) unity of ownership of the alleged dominant and servient estates prior to severance; (2) the claimed access is a necessity and not a mere convenience; and (3) the necessity existed at the time the two estates were severed. . . . As this analysis makes clear, a party seeking a necessity easement must prove both a historical necessity (that the way was necessary at the time of severance) and a continuing, present necessity for the way in question." *Hamrick v. Ward,* 446 S.W.3d 377, 382 (Tex. 2014); *see Staley Family P'ship v. Stiles,* 483 S.W.3d 545, 549; *Duff v. Matthews,* 158 Tex. 333, 311 S.W.2d 637, 640 (1958) ("The way of necessity must be more than one of convenience for if the owner of the land can use another way, he cannot claim by implication to pass over that of another to get to his own"); *Crone v. Brumley,* 219 S.W.3d 65, 68 (Tex. App.—San Antonio 2006, pet. denied) (establishing an easement by necessity requires the proof by the party seeking the easement by necessity that he has no other legal access to his property). The claimant of an easement by necessity bears the burden of proving its claim of access across the property of another was a necessity and not merely a convenience. *Harrington v. Dawson-Conway Ranch, Ltd.,* 372 S.W.3d 711, 724 (Tex. App.—Eastland 2012, pet. denied). The degree of necessity required is that of strict necessity. *Id.*

The Gordons had the burden at trial to prove their entitlement to the easement they sought. *Bains,* 182 S.W.2d at 399 ("burden is on the party claiming an easement in another person's land to prove all of the facts necessary to establish the easement"). A party attacking the legal sufficiency of evidence supporting an adverse finding on an issue on which the party bore the burden of proof must demonstrate all vital facts in support of the issue were established as a matter of law. *Dow Chemical Co. v. Francis,* 46 S.W.3d

8

237, 241 (Tex. 2001) (per curiam); *DeLeon v. Lacey,* No. 03-13-00292-CV, 2015 Tex. App. LEXIS 7230, at *14-15, *n.2 (Tex. App.—Austin July 15, 2015, no pet.) (mem. op.). The analysis requires that we first examine the record in the light most favorable to the verdict for some evidence supporting the finding, crediting evidence favoring the finding if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex. 2005). Some evidence, meaning more than a scintilla, exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v Havner,* 953 S.W.2d 706, 711 (Tex. 1997). If, however, no evidence appears to support the finding, we then examine the entire record to determine whether the contrary proposition is established as a matter of law. *Francis,* 46 S.W.3d at 241; *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 276 (Tex. App.—Amarillo 1988, writ denied). A proposition is established as a matter of law when a reasonable fact finder could draw only one conclusion from the evidence presented. *City of Keller,* 168 S.W.3d at 814-16.

On a factual sufficiency review, the appellate court must consider and weigh all the evidence and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Although the Gordons consistently took the position at trial that a sixty-foot-wide way along Schrader Road was necessary for ingress and egress to their land, the court heard evidence that a more narrow easement across the Demmons' property would be adequate for the Gordons' access. Mr. Demmon described a way of access requiring a

9

fifteen-foot-wide easement across his property that he was willing to give the Gordons, and described why he believed it would permit them "more than reasonable" access to their property. Keeping in mind that our state requires strict necessity for declaration of an easement by necessity, *Hamrick,* 446 S.W.3d at 379, 384, we conclude the record contains some evidence supporting the trial court's conclusion that the easement it granted, and not a more extensive easement along Schrader Road, was necessary for the Gordons' ingress and egress.

Moreover, as noted, the court granted the Gordons an easement along the South Road as well. The propriety of the trial court's grant of two easements by necessity to the Gordons' single tract is not an issue directly before us on appeal.[5] Nonetheless, the existence of the South Road as a way of necessity to their tract would in any event preclude us from agreeing with the Gordons that their evidence established as a matter of law the necessity of a wider easement along Schrader Road than the trial court granted.

Considering all the evidence the court heard regarding the necessity of easements for ingress and egress to the Gordons' tract, we also could not conclude the easement it granted along Schrader Road was so contrary to the overwhelming weight of the evidence regarding its necessity as to be clearly wrong and unjust.

For those reasons, we overrule the Gordons' first issue.

---

[5] *See Duff,* 311 S.W.2d at 643 (reversing easement by necessity where landowner had access to another part of tract).

10

**Easement by Estoppel**

By their second issue, the Gordons argue the trial court did not render an easement by estoppel in their favor even though they showed themselves entitled to such relief as a matter of law. In support, they point to the testimony of Mr. Gordon that before he bought the property Mr. Bremser told the Gordons they would have access via Schrader Road and the South Road. Mr. Gordon further testified that in 1969 he agreed to pay a premium for the property because, among other things, the two "road strips . . . made the property really valuable." Mr. Demmon testified when they purchased the property he was not told the Gordons used both roads to access their property as the means to access their property. Kevin Gilbert, the Demmons' grantor, testified that before the Demmons purchased their property he notified them that he did not restrict the Gordons' use of Schrader Road. But Mr. Demmon also testified by deposition at the time they purchased the property Mr. Gilbert told him the South Road was designated for the Gordons' access.

Like their first issue, the Gordons here attack the sufficiency of evidence supporting an adverse finding on an issue on which they bore the burden of proof. See *Dow Chemical,* 46 S.W.3d at 241.

The statute of frauds generally requires a writing to establish an easement. *Machala v. Weems,* 56 S.W.3d 748, 756 (Tex. App.—Texarkana 2001, no pet.); *see Miller,* 263 S.W. at 254 (easement must be created by grant and not parol agreement). But the doctrine of equitable estoppel provides an exception to prevent injustice and protect innocent parties from fraud. *Storms v. Tuck,* 579 S.W.2d 447, 451 (Tex. 1979); *Machala,* 56 S.W.3d at 756. The essence of the doctrine of easement by estoppel is the

owner of a servient estate may be estopped to deny the existence of an easement by making representations that are acted on by the owner of the dominant estate. *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 209 (Tex. 1962). As an exception to the requirement that an easement must be created by a writing, the doctrine should be strictly applied. *See Moore County v. Bergner,* 526 S.W.2d 702, 706 (Tex. Civ. App.—Amarillo 1975, no writ). Like other applications of estoppel, it should be certain, precise and clear. *See McAnally v. Friends of WCC, Inc.,* 113 S.W.3d 875, 879 (Tex. App.—Dallas 2003, no pet.) (citing *Linney v. Wood,* 66 Tex. 22, 17 S.W. 244, 246 (1886)) (estoppel by deed).

Three elements must be proven to establish an easement by estoppel: (1) a representation of the easement communicated, either by words or action, to the promisee; (2) the communication was believed; and (3) the promisee relied on the communication. *Storms,* 579 S.W.2d at 452; *Stallman,* 9 S.W.3d at 246. "In order to create an easement by estoppel, something must be said or done by the owner of the servient estate at the time of the grant of the dominant estate that induces the acceptance of the grant." *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 872 (Tex. App.—Austin 1988, writ denied). An easement by estoppel is binding on the successors in title to the servient estate if reliance on the existing easement continues. *Holden v. Weidenfeller,* 929 S.W.2d 124, 131 (Tex. App.—San Antonio 1996, writ denied).

Mr. Bremser died prior to trial and the only evidence of his representation to the Gordons was the testimony of Mr. Gordon. "[B]ecause trial courts can view a witness's demeanor, they are given great latitude in believing or disbelieving a witness's testimony, particularly when the witness is interested in the outcome." *In re Jane Doe 4,* 19 S.W.3d 322, 325 (Tex. 2000). "Acting as factfinder, a trial judge can, therefore, reject the

uncontroverted testimony of an interested witness unless it is readily controvertible, it is clear, positive, direct, and there are no circumstances tending to discredit or impeach it." *Id.* As counsel for the Demmons argued to the court on the first day of trial, Mr. Bremser was dead and obviously not subject to cross-examination. What Mr. Bremser told Mr. Gordon about accessing the landlocked property the Gordons contracted to purchase was not recorded in any writing in evidence. No witness purporting to have heard the representation of Mr. Bremser, aside from Mr. Gordon, was identified. In short, we find the testimony of Mr. Gordon, as to what he recalled Mr. Bremser told him over forty years earlier, was not readily controvertible. It thus was not binding on the trial court. The Gordons did not establish entitlement as a matter of law to an easement by estoppel. We overrule their issue contending otherwise.

**The Demmons' Cross-Point**

The Demmons argue by cross-point that they conclusively proved the five-year adverse possession statute of limitation[6] bars the Gordons from obtaining any access to their property by an easement over the Demmons' property. Alternatively, the Demmons contend the easements by necessity granted the Gordons are more extensive than necessary for ingress and egress to the Gordons' property.

As the Gordons correctly point out in their reply brief, because the Demmons seek greater relief on appeal than they were granted by the trial court, they were obligated to file a notice of appeal. TEX. R. APP. P. 25.1(c). They did not. Nor do they now urge a "just cause" excusing them from the obligation of filing a notice of appeal. TEX. R. APP.

---

[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.025(a) (West 2002).

13

P. 25.1(c).  We therefore may not consider the Demmons' cross-point.  It is overruled. *See Storck v. Tres Lagos Prop. Owners Ass'n,* 442 S.W.3d 730, 746 (Tex. App.—Texarkana 2014, pet. denied) (like conclusion on similar facts).

## Conclusion

Having overruled the Gordons' issues and the cross-point of the Demmons, we affirm the judgment of the trial court.

James T. Campbell
Justice