## GARZA v. MARTINEZ MERCANTILE CO., Inc.

### No. 2770.

Court of Civil Appeals of Texas. Waco.

Jan. 22, 1948.

Rehearing Denied Feb. 19, 1948.

R. G. Harris, Ben F. Foster and W. Pat Camp, all of San Antonio, and Fay C. Canfield, of Floresville, for appellant.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, and DeWitt Murray, of Floresville, for appellee.

TIREY, Justice.

The Martinez Mercantile Company, Inc., brought this suit against Librado Garza, its tenant, for crop rents produced by defendant on approximately 620 acres of land located in Wilson and Karnes counties for the years 1944, 1945 and 1946, and for possession of the land.

Garza, in his second amended counterclaim and cross-action, sought to recover title to said property as against the Mercantile Company and Hugo Kott, whom he made a party cross-defendant. This pleading consisted of two parts, the first being a formal action in trespass to try title and the second part being in the alternative and alleging an oral contract of sale and various other acts relied on to show a compliance of the oral contract, and asked for specific performance.

The Mercantile Company filed certain exceptions to defendant's amended pleading but the exceptions attacking that part of defendant's pleading containing the formal action in trespass to try title was overruled. Plaintiff's exceptions lodged against paragraphs 2 to 7 in defendants' pleading were sustained on the theory that said allegations contravened the provisions of Art. 3995, R.C.S. of 1925, of our Statute of Frauds, and the court held that the allegations in paragraphs 2 to 7 were insufficient to state a cause of action and the same were stricken. Garza duly excepted to the action of the court in striking that part of his

pleading and he declined to amend, and the second part of his second amended counter-claim was dismissed. He gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas. All parties then announced ready and submitted the matter in controversy to the court and the court found that plaintiff was entitled to recover possession of the premises and $500.00 with interest at the rate of six per cent per annum from January 1, 1946, on its demand for rent and use of the premises, and further found that Garza take nothing by his cross-action against plaintiff and cross-defendant Kott and entered judgment accordingly. Garza has appealed.

The judgment of the trial court is assailed substantially on the grounds that the averments showed an oral contract between the parties to convey and that by virtue of such contract Garza became a vendee in possession; that as such vendee he made permanent and valuable improvements thereon with the knowledge and consent of the plaintiff and that he made a tender of payment of the purchase price, and that the failure to enforce said oral agreement of purchase would perpetrate a fraud upon defendant Garza. We overrule these contentions under the authority of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1115, 15 A.L.R. 216. The rule there announced is: "From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Tex. 552. Nor is possession of the premises by the vendee. Ann Berta Lodge [No. 42], v. Leverton, 42 Tex. 18. Each of these three elements is indispensable, and they must all exist."

The allegations in that part of the pleadings stricken are in great detail and consist of twelve pages of legal-cap paper and suffice it to say we cannot quote them at length, nor give the details of them. We have considered them most carefully and pertinent to the application of the above rule of law, we think that such allegations aver only that Garza's possession was that of a tenant of plaintiff during all of the time described in his cross-complaint; that no part of the claimed purchase price was ever received by the Mercantile Company from its tenant, nor by the cross-defendant Kott; that his averments with reference to his acts in arranging for a loan for the purpose of carrying out the terms of the oral contract were at most a tender of performance on his part. Inasmuch as Garza's cross-complaint shows that he was a tenant of the Mercantile Company, it necessarily followed that he could not become a vendee until the oral contract of purchase on which he relied was consummated. It is equally clear that those averments by Garza to the effect that he had sold a 105 acre tract of land in reliance upon the oral contract in question is not sufficient to take the cause out of the operation of the Statute of Frauds, because such allegation at most is a recitation of the means Garza pursued for the raising of funds with which to tender part payment of the consideration, which money was never paid to the Mercantile Company or to Kott. Nor do we think the allegations with reference to permanent and valuable improvements are sufficient to comply with the above rule. These allegations were to the effect that Garza constructed a smokehouse and garage on the land and repaired the fences, constructed partition fences, put fertilizer on the land, planted an orchard and entered into a contract for the terracing of the land. He alleges that these improvements were made with the knowledge and consent of the Mercantile Company and Kott, and that the reasonable value of said improvements were of the value of $500.00.

The trial court impliedly held in effect that such allegations as to permanent and

valuable improvements were negligible compared to the consideration agreed to be paid for the land and we see no reason to disturb the court's ruling in this respect.

Applying the above rule of law to the factual situation here, we think it is obvious that the trial court's ruling in striking the second part of the pleading is correct.

Our Supreme Court has not departed from the rule it announced in the Bridgewater case. See Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257; American Nat. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; Leverett v. Leverett, Tex.Civ.App., 59 S.W.2d 252, writ refused; Lechenger v. Merchants' Nat. Bank, Tex. Civ.App., 96 S.W.2d 638, writ refused; Walker v. Hamilton, Tex.Civ.App., 42 S.W. 2d 148.

No other errors are assigned and it follows from what we have said that the judgment of the trial court must be affirmed.

Accordingly the judgment of the trial court is affirmed.