In the Matter of the Marriage of Kelly Sue Livingston and Todd D. Livingston
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-238-CV

IN THE MATTER OF THE MARRIAGE OF
KELLY SUE LIVINGSTON
AND
TODD D. LIVINGSTON

 

From the 74th District Court
McLennan County, Texas
Trial Court # 98-3473-3
                                                                                                               
                                                                                                         
O P I N I O N
                                                                                                               

      Kelly Sue Livingston appeals from a divorce decree awarding one-half of her separate
property interest in a house to her former husband, Todd D. Livingston. The trial court found
that Kelly made a parol gift of a one-half interest in the house. Kelly claims the trial court
erred because there is no evidence to support such a finding. We agree. The judgment of the
trial court is reversed and the cause is remanded for a new property division.
 

BACKGROUNDThis is the third divorce between these parties. During their second marriage the parties
purchased a house. In the second divorce proceeding, the house was awarded to Kelly as her
separate property. Each party thought their third marriage vacated this prior divorce decree,
and that upon remarriage the house became community property again. When their most
recent marriage ended, Kelly allegedly made an oral gift of an interest in the house to Todd. 
After Kelly discovered that the remarriage did not vacate the prior divorce decree, she
disavowed the alleged gift. 
      The suit was tried to the court. The primary issue for the court was the characterization 
of the house as separate property or community property. The trial court made findings of fact
and conclusions of law that stated among other things: 1) the house was Kelly’s sole separate
property; 2) the parties’ belief did not change its character; 3) Kelly made a parol gift of what
she thought was a one-half interest in the house and abandoned her possession; 4) Kelly’s
rescission was ineffective because Todd justifiably relied; 5) equity requires enforcement; 6)
Kelly only contemplated a gift of a one-half interest; and 7) the parties now own the house as
joint tenants, each owning an undivided one-half interest as separate property. The court
ordered the house sold and the net proceeds to be divided equally.
STANDARD OF REVIEW
      Kelly’s first issue argues that there is no evidence to support the court’s judgment. When
reviewing a legal insufficiency or "no-evidence" point, we consider only the evidence and
inferences that tend to support the finding and disregard all evidence and inferences to the
contrary. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). We will
sustain a no-evidence point if: (a) there is a complete absence of evidence of a vital fact; (b) we
are barred by rules of law or evidence from giving weight to the only evidence offered to
prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla;
or (d) the evidence conclusively establishes the opposite of the vital fact. Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). We will uphold the
finding if more than a scintilla of evidence supports it. Burroughs Wellcome Co., 907 S.W.2d
at 499. More than a scintilla of evidence exists where the evidence supporting the finding rises
to a level that would enable reasonable and fair-minded people to differ in their conclusions. 
Id.
      Findings of fact made by a trial judge are of the same force and dignity as a jury's verdict. 
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). They are reviewed for
legal and factual sufficiency of the evidence supporting them in the same manner as jury
findings. Id. Where findings are made and not challenged on appeal, they occupy the same
position and are entitled to the same weight as a verdict of a jury; unchallenged findings
constitute undisputed facts and are conclusive and binding on an appellate court. McGalliard
v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986).
DISCUSSION
      It is undisputed that Kelly owned the house as separate property upon her most recent
marriage to Todd. Thus, the question is whether the evidence is legally sufficient to support
the trial court’s finding that Kelly made a parol gift of her separate property to Todd.
 

      a.   Parol Gift
      Despite the requirements of the statute of frauds, a parol gift of reality will be upheld if
there is: (1) a gift; (2) possession under the gift by the donee with the donor's consent; and (3)
permanent and valuable improvements to the property by the donee with the donor's
knowledge or consent or, without improvements, the existence of such facts as would make it 
a fraud upon the donee not to enforce the gift. Thompson v. Dart, 746 S.W.2d 821, 825 (Tex.
App.—San Antonio 1988, no writ); Grimsley v. Grimsley, 632 S.W.2d 174, 178 (Tex.
App.—Corpus Christi 1982, no writ). Because we conclude the third requirement for a parol
gift is dispositive in this instance, we will address that element first. 
      The trial court did not find, nor did Todd plead, the existence of facts that would make it a
fraud not to enforce the alleged gift from Kelly. McGalliard, 722 S.W.2d at 696. 
Consequently, to satisfy the third element, the trial court must have found that Todd made
permanent and valuable improvements to the property with Kelly’s knowledge or consent. 
Thompson, 746 S.W.2d at 825.
      b.   Permanent and Valuable Improvement
      The trial court found that during the pendency of the divorce, Todd continued to make
house payments and repaired the air-conditioning and heating system. Mere maintenance is
not sufficient to be considered a permanent and valuable improvement. Clifton v. Ogle, 526
S.W.2d 596, 601 (Tex. Civ. App.—Fort Worth 1975, writ ref’d n.r.e.); Garza v. Martinez
Mercantile Co., 208 S.W.2d 567, 568 (Tex. Civ. App.—Waco 1948, writ ref’d n.r.e.). As a
result, we must decide whether debt reduction is a permanent and valuable improvement
sufficient to satisfy the third element of a parol gift.
      A review of the case law reflects that courts speak of improvements in terms of tangible
fixtures with physical form and characteristics. Fandey v. Lee, 880 S.W.2d 164, 170 (Tex.
App.—El Paso 1994, writ denied) (considering telephone lines and book cases); Hernandez v.
Alta Verde Industries, Inc., 666 S.W.2d 499, 502 (Tex. App.—San Antonio 1983, writ ref’d
n.r.e.) (involving a water well and foundation for a home); Moody v. Ireland, 456 S.W.2d
494, 496 (Tex. Civ. App.—Waco 1970, writ ref’d n.r.e.) (considering a concrete porch,
screen doors, steps, fence, a hot water heater); Garza, 208 S.W.2d at 568 (involving a
smokehouse, garage, and orchard).
      Likewise Black’s Law Dictionary defines improvement as “an addition to real property,
whether permanent or not; esp., one that increases its value or utility or that enhances its
appearance. — Also termed land improvement. Cf. fixture.” Black’s Law Dictionary
761 (7th ed. 1990). A fixture is defined as “personal property that is attached to land or a
building and that is regarded as an irremovable part of the real property, such as a fireplace
built into a home.” Id. at 652.
      We find that debt reduction is not a permanent and valuable improvement. It may entitle
Todd to an equitable claim for reimbursement, but it is not a fixture or addition to the real
property that increases its value or utility or that enhances its appearance. Id. at 761; Tex.
Fam. Code Ann. § 3.402(a) (Vernon Supp. 2000). As a result, we find a complete absence of
evidence on this vital point and sustain Kelly’s “no-evidence” assertion. Merrell Dow
Pharmaceuticals, Inc., 953 S.W.2d at 711. Issue one is meritorious.


 
 

APPROPRIATE REMEDY
      We render judgment declaring the house to be Kelly’s sole separate property. This alone
however, would be manifestly unjust since the trial court made its original division based upon
the erroneous characterization that a one-half interest in the house belonged to Todd. Siefkas
v. Siefkas, 902 S.W.2d 72, 80 (Tex. App.—El Paso 1995, no writ) (citing Dawson v. Dawson,
767 S.W.2d 949, 951 (Tex. App.—Beaumont 1989, no writ)). Had the court correctly
characterized the house as Kelly’s sole separate property, the community estate may have been
entitled to reimbursement or there may have been an entirely different division of the
community estate. Id. Having found error in the characterization of the property, the
appropriate remedy in the interest of justice is to render judgment in part and reverse and
remand in part to the trial court for a new just and right division of the community estate. Id. 
CONCLUSION
      The trial court erred in divesting Kelly of her separate property based upon an alleged oral
gift. We render judgment in part that the house belongs to Kelly as her sole separate property. 
The judgment is however reversed as to the property division and the cause is remanded for a
new property division.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Reversed and rendered in part;
      Reversed and remanded in part
Opinion delivered and filed November 22, 2000
Do not publish